**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| G+ COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-CV-78 |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**THE SAMSUNG DEFENDANTS' OPPOSITION TO GCOMM'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

# TABLE OF CONTENTS

I.      FACTUAL BACKGROUND ............................................................................ 1

II.     GOVERNING LEGAL STANDARD FOR MOTION TO DISMISS ............................... 3

III.    ARGUMENT ........................................................................................... 4

        A.      Samsung Pleads Sufficient Facts to Establish a Contract Dispute as a
                Third-Party Beneficiary ................................................................... 4

                1.      Valid Contract - Samsung Sufficiently Pleads GComm is
                        Contractually Bound by the ETSI IPR Policy to Negotiate FRAND
                        Terms ....................................................................... 6

                2.      Samsung is a Third-Party Beneficiary - Samsung Sufficiently
                        Pleads it is Entitled to the Benefits of GComm's FRAND
                        Agreement ............................................................... 7

                3.      GComm Breached - Samsung Sufficiently Pleads GComm Failed
                        to Negotiate in Good Faith in Violation of its FRAND Obligations .......... 7

                4.      Samsung Has Been Damaged - Samsung Sufficiently Pleads That
                        GComm's Violation of FRAND Commitments Damages
                        Samsung's Business and Property ............................................ 10

        B.      GComm's Other Arguments Should Also Be Rejected ....................................... 10

                1.      Pleadings Need Not Address Choice of Law to Give Fair and
                        Sufficient Notice .......................................................... 10

                2.      GComm Attempts to Litigate Merits on a Motion to Dismiss ................. 11

                3.      At the Pleading Stage, the Court Should Accept as True Samsung's
                        Pleadings Regarding GComm's Refusal to Enter an NDA ..................... 12

                4.      At the Pleading Stage, Samsung is Entitled to Rely on GComm's
                        Non-FRAND Offer ......................................................... 13

                5.      Samsung Need Not Prove its Right to Collect Damages ...................... 14

IV.     CONCLUSION ........................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc. v. Motorola Mobility, Inc.*,
  886 F. Supp. 2d 1061 (W.D. Wis. 2012) .................................................................5

*In re Application of G+ Commc'ns LLC, For An Order Pursuant To 28 U.S.C § 1782 To
  Conduct Discovery For Use In A Foreign Proceeding,* No. 2:22-mc-00003-JRG-RSP (E.D.
  Tex. June 7, 2022).............................................................................................2, 8, 9

*Bell Atl. Corp.* v. *Twombly*,
  550 U.S. 544 (U.S. 2007)............................................................................ *passim*

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir.2000) ...............................................................................2

*Ericsson Inc. v. D-Link Sys., Inc*.,
  No. 6:10-CV-473-RWS, 2013 WL 4046225 (E.D. Tex. Aug. 6, 2013), *aff'd in part, vacated
  in part, rev'd in part,* 773 F.3d 1201 (Fed. Cir. 2014).....................................12, 13

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd*.,
  No. 15-634-SLR-SRF, 2017 WL 750700 (D. Del. Feb. 27, 2017).........................14

*Gregson v. Zurich Am. Ins. Co.*,
  322 F.3d 883 (5th Cir. 2003) ...............................................................................3

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  12 F.4th 476 (5th Cir. 2021) ........................................................................6, 7, 12

*Huawei Techs., Co. v. Samsung Elecs. Co*.,
  No. 3:16-cv-02787-WHO, 2019 U.S. Dist. LEXIS 25498 (N.D. Cal. Feb. 17, 2019) ..9, 10, 11

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  2:16-CV-00715-JRG-RSP, 2017 U.S. Dist. LEXIS 34573 (E.D. Tex. Feb. 21, 2017).......5, 12

*Innova Hosp. v. Blue Cross & Blue Shield*,
  892 F.3d 719 (5th Cir. 2018) ...............................................................................2

*Microsoft Corp. v. Motorola, Inc*.,
  795 F.3d 1024 (9th Cir. 2015) ...................................................................3, 5, 8, 14

*Microsoft Corp. v. Motorola, Inc*.,
  864 F. Supp. 2d 1023 (W.D. Wash. 2012)..............................................................13

i

*Microsoft Corp. v. Motorola, Inc.*,
No. C10–1823 LR, 2013 U.S. Dist. LEXIS 60233 (W.D. Wash. Apr. 25, 2013), aff'd, 795
F.3d 1024 (9th Cir. 2015) ................................................................................................11

*Pers. Audio, LLC v. Togi Ent., Inc.*,
No. 2:13-CV-13-JRG-RSP, 2014 WL 12616115 (E.D. Tex. Feb. 14, 2014) ..........................3

*Petras v. Criswell*,
248 S.W.3d 471 (5th Cir. 2008) ........................................................................................14

*Qualcomm Inc. v. Broadcom Corp.*,
548 F.3d 1004 (Fed. Cir. 2008) ..........................................................................................9

*Realtek Semiconductor Corp. v. LSI Corp.*,
946 F.Supp.2d 998 (N.D.Cal.2013) ....................................................................................9

*Smith v. Ins. Adjusters Grp., LLC*,
No. 2:21-cv-00068-JRG-RSP, 2021 WL 3477362 (E.D. Tex. July 13, 2021) .............4, 10, 11

*Teirstein v. AGA Med. Corp.*,
No. 6:08-cv-00014-LED-JDL, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009).....................3, 4

*Thomas v. Chevron U.S.A., Inc.*,
832 F.3d 586 (5th Cir. 2016) ............................................................................................15

**Statutes**

28 U.S.C. § 1782...............................................................................................................2, 7, 9

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") respectfully oppose the motion to dismiss Count I of Samsung's Counterclaims (Dkt. No. 26) filed by Plaintiff G+ Communications, LLC ("GComm").

## I.    FACTUAL BACKGROUND

The patents at issue in this case originate from a Chinese company called ZTE Corporation.  Answer ¶ 5; Countercl., ¶ 22.  The counterclaim alleges ZTE committed to ETSI to license patents allegedly essential to practice the 3GPP standard on Fair, Reasonable, and Non-Discriminatory (FRAND) terms and conditions.  Countercl., ¶ 22.  The counterclaim alleges that the ZTE patents at issue have been assigned to GComm.  *Id*., ¶ 23.  As the counterclaim explains and incorporates, GComm's complaint alleges that the asserted patents have been declared to ETSI as essential to practice the 3GPP 5G Standard.  *Id*., ¶ 24.  Further, that GComm has committed to license the purported essential patents consistent with its declarations and obligations to the standard body.  *Id*., ¶ 23.  That is, GComm has committed to license its patents on FRAND terms, standing by ZTE's obligations to license under FRAND terms.  *Id*., ¶¶ 14, 17, 23.

Leaving aside for now whether the patents are standard essential at all, the Court is quite familiar with issues relating to FRAND disputes and there is no need to belabor the requirements here.  But what is certainly clear is that neither ZTE nor GComm have come close to complying with their undisputed FRAND obligations. While we don't need to prove that now at the pleading stage, Samsung's Answer and Count I Counterclaim demonstrate GComm breached its admitted contractual obligations by refusing to negotiate a FRAND license in good faith.  *Id*., ¶¶ 1-31.  By way of example, Samsung describes the fact that GComm improperly sought and obtained a preliminary injunction against Samsung Eletrônica Da Amazônia, Ltd. ("SEDA") in

1

Brazil in an effort to unfairly damage Samsung's position in the license negotiations.  Case No. 0081472-49.2022.8.19.0001 (Brazil); Interlocutory Appeal No. 0031565-11.2022.8.19.0000 (Brazil).[1]

Samsung further described the lack of good faith with GComm's refusal to enter into an NDA to permit further discussions of the necessity and terms of a potential license while at the same time GComm brought a lawsuit here and also sought injunctive relief in Brazil.  Countercl., ¶¶ 18-20, 29-30; Case No. 0081472-49.2022.8.19.0001 (Brazil); Interlocutory Appeal No. 0031565-11.2022.8.19.0000 (Brazil).  Making matters worse, GComm seeks to improperly use the authority of this Court to circumvent Brazilian law to obtain SEDA's confidential financial and business information.[2]

GComm asserts that it has given Samsung a FRAND offer.  Mot. at 2.  That is incorrect. While GComm sent Samsung a letter (attached to Mot. at Dkt. No. 26-4, Ex. C), there is nothing FRAND about the content of this letter.  It purports to offer an absurd licensing rate and is not a meaningful proposal at all, not to mention an utter failure to abide by FRAND commitments.

---

[1] SEDA also filed a corresponding appeal (Interlocutory Appeal No. 0031565-11.2022.8.19.0000) and action before the Brazilian Patent Office (No. 5046514-82.2022.4.02.5101).  We collectively refer to all of the actions in Brazil as the "Brazilian Litigation."

[2] Samsung respectfully requests the court take judicial notice of the fact that GComm filed an *ex parte* application for discovery from Samsung for use in the Brazilian litigation pursuant to 28 U.S.C. § 1782 and that Samsung moved to intervene and opposed the application.  *In re Application of G+ Commc'ns LLC, For An Order Pursuant To 28 U.S.C § 1782 To Conduct Discovery For Use In A Foreign Proceeding*, No. 2:22-mc-00003-JRG-RSP (E.D. Tex. June 7, 2022), Dkt. Nos. 1, 6, 7.  GComm's behavior to gain undue leverage is referenced by Samsung in its counterclaims and central to its claims.  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir.2000) (emphasis added); *see Innova Hosp. v. Blue Cross & Blue Shield,* 892 F.3d 719, 726 (5th Cir. 2018); *e.g.*, Countercl., ¶ 19.

GComm brought the various litigations against Samsung (including seeking and obtaining injunctive relief) despite Samsung's willingness to engage in good faith licensing negotiations and GComm's FRAND commitments.  Countercl., ¶¶ 18-20, 29-30; Case No. 0081472-49.2022.8.19.0001 (Brazil); Interlocutory Appeal No. 0031565-11.2022.8.19.0000 (Brazil).  "[A] patent-holder who signs 'such a sweeping promise' as a RAND agreement 'at least arguably . . . guarantee[s] that the patent-holder will not take steps to keep would-be users from using the patented material, such as seeking an injunction, but will instead proffer licenses consistent with the commitment made.'"  *Microsoft Corp. v. Motorola, Inc*. ("Microsoft II"), 795 F.3d 1024, 1049 (9th Cir. 2015) (quoting *Microsoft Corp. v. Motorola, Inc.* ("Microsoft I"), 696 F.3d 872, 884 (9th Cir. 2012)).

## II.  GOVERNING LEGAL STANDARD FOR MOTION TO DISMISS

For good reason, the Fifth Circuit disfavors and rarely approves dismissals under Rule 12(b)(6).  *E.g.*, *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Pers. Audio, LLC v. Togi Ent., Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 WL 12616115, at *1 (E.D. Tex. Feb. 14, 2014), Dkt. No. 65, *R. & R. adopted*, No. 2:13-CV-13-JRG-RSP (E.D. Tex. Mar. 31, 2014), Dkt. No. 94 (quoting *Bell Atl. Corp*. v. *Twombly*, 550 U.S. 544, 555 (U.S. 2007) and denying motion to dismiss for failure to state a claim).

The "court construes the complaint in favor of the plaintiff and takes all pleaded facts as true" when reviewing a Rule 12(b)(6) motion.  *Teirstein v. AGA Med. Corp.*, No. 6:08-cv-00014-LED-JDL, 2009 WL 704138, at *2 (E.D. Tex. Mar. 16, 2009).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  *Twombly*, 550 U.S.

at 555.  The factual allegations need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Teirstein*, 2009 WL 704138, at * 2 (quoting *Twombly*, 550 U.S. at 555) (denying motion to dismiss for failure to state a claim).

For example, in *Smith v. Ins. Adjusters Grp., LLC*, this Court denied a motion to dismiss a breach of contract claim for failure to state a claim.  *Smith v. Ins. Adjusters Grp., LLC*, No. 2:21-cv-00068-JRG-RSP, 2021 WL 3477362, at *6-7 (E.D. Tex. July 13, 2021), Dkt. No. 20, *R. & R. adopted*, No. 2:21-cv-00068-JRG-RSP, Dkt. No. 27.  There, the movant had sufficient notice of the claim at issue because the movant was able to identify the contractual agreements at issue in the claim.  *Id*.  So too, here.  GComm included the ETSI IPR policy at issue as an exhibit to its motion.  Dkt. No. 26-5, Ex. D.

## III.   ARGUMENT

### A.   Samsung Pleads Sufficient Facts to Establish a Contract Dispute as a Third-Party Beneficiary

"The elements of breach of contract are '(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach.'"  *Smith v. Ins. Adjusters Grp., LLC*, No. 2:21-cv-00068-JRG-RSP, 2021 WL 3477362, at *4 (E.D. Tex. July 13, 2021), Dkt. No. 20, *R. & R. adopted*, No. 2:21-cv-00068-JRG-RSP, Dkt. No. 27 (denying Rule 12(b)(6) motion to dismiss breach of contract claim).  Here, GComm's Complaint recognizes the FRAND obligations and GComm's requirement to comply with those obligations (while wrongly arguing Samsung – a third-party beneficiary – did not negotiate in good faith, GComm admits that there are "FRAND obligations requiring [] that the licensor is fair and reasonable in providing licensing terms"; Complaint, ¶ 45; *see also id*., ¶¶ 33-35).

4

Third-party beneficiaries of a contract may enforce the terms of the contract.  *See Apple, Inc. v. Motorola Mobility, Inc.,* 886 F. Supp. 2d 1061, 1085 (W.D. Wis. 2012) (holding potential user of standards and prospective licensee of standard essential patents is a third-party beneficiary of the agreements between the patentee and standard setting organization); *c.f. Microsoft II*, 795 F.3d at 1033.  Implementers of standards are third-party beneficiaries of the contracts between standard setting organizations and standard essential patent owners.  *Id.*; *see also Huawei Techs. Co. v. T-Mobile US, Inc.*, 2:16-CV-00715-JRG-RSP, 2017 U.S. Dist. LEXIS 34573, at *2-3 (E.D. Tex. Feb. 21, 2017), Dkt. No. 35, *R. & R. adopted*, No. 2:16-CV-00715-JRG-RSP, Dkt. No. 42 (noting "[w]hile [standard implementer] has not taken the step to file a breach of contract action against [patentee], there is no dispute that [standard implementer] could do so as a third-party beneficiary of [patentee]'s promise to offer licenses on FRAND terms" while holding federal question jurisdiction exists in a FRAND dispute).  Here, Samsung expressly pleaded its breach of contract claim as a third-party beneficiary. Countercl., ¶¶ 1-31 ("As an implementer of 3GPP specifications, Samsung is an intended third-party beneficiary to and obtains the benefit of the contractual commitments and obligations of ZTE and GComm, as ETSI declarants, with respect to each declared patent that is allegedly essential." *Id.*, ¶ 25).

Because GComm is alleging the asserted patents are standard-essential, under the ETSI IPR policy, GComm must negotiate based on FRAND terms and conditions. *Id.*  GComm has violated its FRAND obligations by failing to offer FRAND terms, suing Samsung in this Court, and seeking and obtaining an injunction in Brazil.  *Id.*, ¶¶ 21-31.  The evidence of GComm's failure to negotiate in good faith is further evidenced by its refusal to enter into an NDA while also pursuing litigation and injunctive relief.  *Id.*, ¶¶ 27-31.  Of course, all these pleaded facts must be taken as true.  *See Twombly,* 550 U.S. at 555.

>    1.    **Valid Contract - Samsung Sufficiently Pleads GComm is Contractually Bound by the ETSI IPR Policy to Negotiate FRAND Terms**

Samsung pleaded that GComm is bound by the ETSI IPR policy to license implementers of the 3GPP standards on FRAND terms and conditions.  Countercl., ¶¶ 22-23.

The original assignee of the asserted patents, ZTE, "committed to ETSI to license patents allegedly essential to practice a 3GPP standard on FRAND terms and conditions."  *Id*., ¶ 22.  ZTE's obligations transferred to GComm upon GComm's alleged assignment of the asserted patents.  *Id*., ¶ 23.  So, GComm must license patents allegedly essential to practice the 3GPP standards on FRAND terms.  *Id*., ¶¶ 22-23.

In its Complaint, GComm alleges that each of the asserted patents is essential to the 3GPP standard.  *Id*., ¶ 24 (quoting Compl., ¶ 33 ("G+ is the assignee of numerous patents, originally assigned to ZTE Corporation ('ZTE'), that are, and remain, essential (as that term is defined by ETSI) to practicing the 3GPP 5G Standard"), ¶ 34 ("Each of the Asserted Patents has been declared to ETSI, by its original assignee, as essential to practicing the 3GPP 5G Standard").  GComm also admits that "in conformance with ETSI's IPR Policy, [it] has informed Samsung that it is prepared to grant Samsung an irrevocable license to G+'s standard essential patents including the Asserted Patents, on FRAND terms.'"  *Id*., ¶ 24 (quoting Compl., ¶ 35).

Taking all these statements in Samsung's pleading as true, especially in view of GComm's admissions in its Complaint, it is clear Samsung sufficiently pleaded that GComm has contractual obligations requiring GComm to offer FRAND terms as a good faith negotiator, which GComm failed to do in violation of those obligations.  *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 481 (5th Cir. 2021) (citing *Microsoft I.*, 696 F.3d at 885); *see Twombly,* 550 U.S. at 555.

### 2.  Samsung is a Third-Party Beneficiary - Samsung Sufficiently Pleads it is Entitled to the Benefits of GComm's FRAND Agreement

Samsung pleaded it "is an intended third-party beneficiary to and obtains the benefit of the contractual commitments and obligations of ZTE and GComm, as ETSI declarants, with respect to each declared patent that is allegedly essential." Countercl., ¶ 25.  Therefore, the ETSI IPR policy contractually obligates GComm to negotiate a FRAND license to Samsung as such a third party beneficiary.  *Id*., ¶ 25; *HTC Corp.*, 12 F.4th at 481 (citing *Microsoft I.*, 696 F.3d at 885) ("Companies seeking to license under these [FRAND] terms become third-party beneficiaries of the contract between the standard-essential patent holder and the standard setting organization. They are thus enabled to enforce the terms of that contract.").  Taking these facts as true, Samsung is a third-party beneficiary entitled to the promises GComm made in the ETSI IPR policy and may sue to enforce those promises.  *See Twombly*, 550 U.S. at 555.

### 3.  GComm Breached - Samsung Sufficiently Pleads GComm Failed to Negotiate in Good Faith in Violation of its FRAND Obligations

Samsung pleaded GComm breached its FRAND obligations by  (1) "failing to negotiate in good faith towards a FRAND license," (2) "refusing to license patents that it contends are essential to 3GPP standards to Samsung on FRAND terms," (3) "seeking a preliminary injunction to improperly strengthen GComm's negotiating position to extract unfair royalties as an end-run around GComm's FRAND obligations," and (4) "initiating this lawsuit without abiding by the terms of those commitments and obligations."  Countercl., ¶ 27.  Further, GComm filed an *ex parte* application for foreign discovery pursuant to 28 U.S.C. § 1782 for use in the Brazilian proceeding to circumvent Brazilian law regarding discovery, which is a further attempt to gain "undue leverage against Samsung in an effort to force Samsung into unreasonable license terms," as Samsung pleads.  *Id*., ¶ 19; *In re Application of G+ Commc'ns LLC, For An Order*

*Pursuant To 28 U.S.C § 1782 To Conduct Discovery For Use In A Foreign Proceeding*, No.
2:22-mc-00003-JRG-RSP (E.D. Tex. June 7, 2022), Dkt. Nos. 1, 6, 7.

GComm's FRAND obligations include the requirement to license the asserted patents on
FRAND terms and, as the alleged patent holder, negotiate in good faith.  Countercl., ¶¶ 14, 17,
23.  GComm's misconduct is inconsistent with the contractual commitments to ETSI relating to
the patents allegedly owned by GComm and allegedly essential to practice certain 3GPP
standards.  Thus, GComm's offer did not meet FRAND terms and conditions.  *Id*.

In addition, as Samsung pleads, GComm also failed before filing the Complaint to
negotiate in good faith by refusing to enter an NDA with Samsung which "would have allowed
the parties to freely exchange confidential information with each other with assurances that it
would remain confidential."  *Id*., ¶ 18.  "An exchange of certain confidential information under
an NDA would have aided good faith licensing negotiations, but GComm prevented this from
happening."  *Id.*  Yet as of the date Samsung's Counterclaim was filed, GComm had not
committed to entering into an NDA to assist licensing negotiations.  *Id.*  Indeed, GComm still
has not entered an NDA.

Therefore, as Samsung pleads, "[t]his suit places excessive pressure on Samsung to
license the asserted patents at supra-competitive prices, and destroys the possibility of true
FRAND negotiations."  *Id*., ¶ 29.

Perhaps most stark, GComm sought an **injunction** to unfairly prejudice Samsung in those
negotiations, which is clearly inconsistent with GComm's FRAND obligations.  *Id*., ¶¶ 15, 17,
19, 27, 30.  *Microsoft II*, 795 F.3d at 1049 (quoting *Microsoft I*, 696 F.3d at 884) ("[A] patent-
holder who signs 'such a sweeping promise' as a RAND agreement 'at least arguably . . .
guarantee[s] that the patent-holder will not take steps to keep would-be users from using the

patented material, such as seeking an injunction, but will instead proffer licenses consistent with the commitment made.'") (upholding an anti-suit injunction preventing party from enforcing foreign injunction); *see Realtek Semiconductor Corp. v. LSI Corp.*, 946 F.Supp.2d 998, 1006 (N.D.Cal.2013) ("the act of seeking injunctive relief (here, at the ITC before proposing a RAND license to Realtek) is inherently inconsistent and a breach of defendants' promise to license the patents on RAND terms.'") (citations omitted) (granting partial motion for summary judgment that RAND licensing obligations were breached because the party failed to offer a license to standard essential patents before filing a Section 337 order seeking an exclusion and injunctive relief).

This conduct continues as an attempt to gain "undue leverage against Samsung in an effort to force Samsung into unreasonable license terms," as Samsung pleads.  Countercl., ¶ 19. Most recently, GComm sought to evade Brazilian law by pursuing U.S. discovery in support of its Brazilian case pursuant to 28 U.S.C. § 1782.  *Id.*; *In re Application of G+ Commc'ns LLC, For An Order Pursuant To 28 U.S.C § 1782 To Conduct Discovery For Use In A Foreign Proceeding*, No. 2:22-mc-00003-JRG-RSP (E.D. Tex. June 7, 2022), Dkt. Nos. 1, 6, 7. "[I]njunctions are not the only type of harm."  *Qualcomm Inc. v. Broadcom Corp.* ("Qualcomm II"), 548 F.3d 1004, 1021 (Fed. Cir. 2008) (upholding district court's finding that patentee breached its duty to disclose asserted patents to the standard setting organization).  "Forcing a party to accept a license and pay whatever fee the licensor demands, or to undergo the uncertainty and cost of litigation (which in this case was substantial), are significant burdens." *Id*.

4.      **Samsung Has Been Damaged - Samsung Sufficiently Pleads That GComm's Violation of FRAND Commitments Damages Samsung's Business and Property**

Samsung pleaded GComm's breach damaged Samsung's business and property. Countercl., ¶ 31.  Parties may plead business and litigation costs as their initial damages for breach of contract.  *See Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, 2019 U.S. Dist. LEXIS 25498, at *10 (N.D. Cal. Feb. 17, 2019) (denying motion to strike damages claim based on alleged inadequate disclosure).  "At the outset of a lawsuit, there is no way to specify those damages with any accuracy.  The totals are not ascertainable until the end of litigation."  *Id.* at *11.

Here, Samsung gives GComm sufficient notice by pleading that because of GComm's breach of FRAND obligations and other misconduct, "Samsung has been injured in its business and property.  Samsung has already been forced to expend resources defending this case, including against GComm's claim of infringement, and Samsung faces the threat of increased costs and injunction."  Countercl., ¶ 31.

B.      **GComm's Other Arguments Should Also Be Rejected**

1.      **Pleadings Need Not Address Choice of Law to Give Fair and Sufficient Notice**

GComm cites no authority supporting its argument that Samsung should have included allegations concerning choice of law.  Mot. at 1, 12.  To the contrary, GComm's Motion acknowledges it is aware of the law governing its admitted FRAND obligations.  *Id.* at 1 ("according to the choice of law in the ETSI policy provision, G+ will assume that French law applies.").  Moreover, no explicit choice of law statement is required.  *Smith*, 2021 WL 3477362, at *4 (denying Rule 12(b)(6) motion to dismiss breach of contract claim).  "A complaint states a

sufficient claim if it gives the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'  This does not require an explicit statement of law."  *Id.*

In *Smith v. Ins. Adjusters Grp.*, although "the pleading does not explicitly assert in which state the partnership was formed" and "while there is no direct [choice of law] statement as such in the pleading, Plaintiffs clearly plead."  *Id*.  Here, Samsung's counterclaims specify the ETSI Intellectual Property Rights Policy and the ensuing licensing obligations.  Countercl., ¶¶ 6-31.

GComm attempts to imply Samsung is required to "plead the measure of damages under French law or what categories of damages are available under a French Law breach of contract theory."  Mot. at 13.  But, Samsung is not even required to plead choice of law at this stage. *Smith*, 2021 WL 3477362, at *4.  Further, GComm relies upon *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, 2019 U.S. Dist. LEXIS 25498 (N.D. Cal. Feb. 17, 2019), but that decision was not at the motion to dismiss stage, it was a motion to strike a jury demand for a breach of contract claim.  There, expert discovery had closed over six months prior and the court had ruled on the parties' motions for summary judgment, *Daubert* motions, various other motions to strike and exclude.  *Id*. at *7.  In contrast, the litigation here is in its infancy. Samsung is only required to give fair notice, which it has done.  As the court in *Huawei Techs., Co. v. Samsung Elecs. Co*. notes, when a litigation is in its infancy there is "no way to specify those damages with any accuracy."  *See id*. at *11.

### 2.    GComm Attempts to Litigate Merits on a Motion to Dismiss

Rule 8 merely requires a claim that is a "short and plain statement" and for allegations to be "simple, concise, and direct."  FED. R. CIV. P. 8(a)(2), (d).  GComm's motion argues the merits and reads more akin to an untimely summary judgment motion than a motion to dismiss. For example, GComm complains Samsung does not make legal arguments in its Counterclaim. Mot. at 13-14 ("Samsung fails to explain why this [*Microsoft Corp. v. Motorola, Inc.*, No. C10–

1823 LR, 2013 U.S. Dist. LEXIS 60233, at*15 (W.D. Wash. Apr. 25, 2013), aff'd, 795 F.3d 1024 (9th Cir. 2015)] ruling and its reasoning would be inapplicable here.").  GComm also attempts to litigate the merits by attaching and citing numerous documents besides the pleadings. While GComm argues the Court can take notice of these documents at the motion to dismiss stage, that does not mean that the Court must decide the merits.  It must simply decide if Samsung has given GComm fair notice.  *See Twombly,* 550 U.S. at 555.  Moreover, the additional documents actually undermine GComm's motion because if they are considered part of Samsung's counterclaim, then Samsung's notice to GComm is even more fulsome.

GComm also relies on other cases, like *Huawei*, decided at much later stages in litigation. For example,  *Ericsson Inc. v. D-Link Sys., Inc*., No. 6:10-CV-473-RWS, 2013 WL 4046225, at *16 (E.D. Tex. Aug. 6, 2013), *aff'd in part, vacated in part, rev'd in part,* 773 F.3d 1201 (Fed. Cir. 2014) is a JMOL decision.  There, after a jury verdict in favor of the patent-holder, defendants sought judgment as a matter of law against patent-holder-Ericsson for breaching its RAND obligation by not seeking damages against Intel after it intervened in the case.  *Id*.  There, the court held Ericsson did not violate its RAND obligations in offering its proposed rate because Intel did not meaningfully engage in negotiations because Intel *never responded* to Ericsson's proposed license agreement.  *Id*. at *23.  While *Ericsson* is factually distinguishable in many ways, one thing is clear: it gives the standard for final judgment, not notice pleading.

The Court should decline GComm's invitation to decide the merits at this stage.

### 3.    At the Pleading Stage, the Court Should Accept as True Samsung's Pleadings Regarding GComm's Refusal to Enter an NDA

Before filing its Complaint, GComm failed to negotiate in good faith by refusing to enter into an NDA "that would have allowed the parties to freely exchange confidential information with each other with assurances that it would remain confidential."  Countercl., ¶ 18.

GComm argues its refusal to enter into an NDA is not failure to negotiate in good faith because Samsung's alleged "contradictory statement" in an email that Samsung is "willing to license on FRAND terms even should G+ be unwilling to enter into an N[sic]DA."  Mot. at 8. But, GComm takes that statement out of context.  In context, that statement supports GComm's failure to act in good faith because the absence of an NDA hinders negotiations:

> To be clear, while we remain willing to license on FRAND terms even should G+ be unwilling to enter into an N[sic]DA *we will be unable to share confidential information* that would assist both parties in establishing those terms*, substantially impeding the negotiation*. Accordingly, *please reconsider* entering into an NDA. If you provide a revised version of the draft NDA to us, we will be happy to review it.

Dkt. No. 26-6, Ex. E at 1(emphasis added).  As Samsung states in the email, signing NDAs is "the usual practice for FRAND negotiation."  *Id.*  As of the date Samsung's Counterclaim was filed, GComm had not committed to entering into an NDA to assist licensing negotiations. Countercl., ¶ 18.

The Court must accept these facts as true at the pleading stage.  *See Twombly,* 550 U.S. at 555.

### 4.    At the Pleading Stage, Samsung is Entitled to Rely on GComm's Non-FRAND Offer

In the email discussed above, Samsung told GComm "[w]e believe the offer you made in January 27, 2022 email is NOT FRAND and some factors used to calculate the offer are ambiguous to us."  Dkt. No. 26-6, Ex. E at 1; *see also* Countercl., ¶ 26 ("Contrary to its FRAND obligations, GComm has not made a good faith offer for a FRAND license to its allegedly essential patents"), ¶ 29 ("This breach includes GComm's failure to offer a license to Samsung on FRAND terms and initiating this suit prior to any offer to license on FRAND terms").  That GComm's offer was not FRAND should also be accepted as true at this stage.  *See Twombly,* 550 U.S. at 555.  Moreover, GComm implicitly admits that its offer was not FRAND, arguing that

this does not matter.  Mot. at 11.  However, the cases GComm cites are again not from the motion to dismiss stage.  *Ericsson*, 2013 WL 4046225, at \*16 (denying motion for judgement as a matter of law that patent-holder breached RAND obligation by not seeking damages against a licensee); *Microsoft Corp. v. Motorola, Inc*., 864 F. Supp. 2d 1023, 1039 (W.D. Wash. 2012) (denying motion for summary judgment that patentee breached FRAND contractual obligations because genuine issues of material fact existed).  The question as to whether GComm can cure its breach by subsequently offering FRAND terms is immaterial for the present motion; because to date that has not happened.  At this stage, GComm's offer is the only offer, and it is not FRAND.  Countercl., ¶ 26.

### 5.   Samsung Need Not Prove its Right to Collect Damages

GComm asserts that Samsung "must prove proximate cause between the alleged breach and resulting damages" citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (5th Cir. 2008).  But this assertion is incorrect at this stage because the fact that GComm's breach has harmed Samsung's business and property must be taken as true.  Mot. at 14; *Petras*, 248 S.W.3d at 477 (addressing summary judgment, not motion to dismiss) *compare Twombly,* 550 U.S. at 555.  GComm also relies on *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd*., No. 15-634-SLR-SRF, 2017 WL 750700, at \*4 (D. Del. Feb. 27, 2017), but that case is distinguishable because the party only pled the patentee breached its FRAND obligations without identifying harm caused by the breach.  Here, Samsung pleads that GComm's actions are harming Samsung's business and property. Countercl., ¶ 31.

Further, when a party seeks an injunction in breach of its FRAND obligations to negotiate in good faith, damages may include attorney's fees and costs.  *See Microsoft II,* 795 F.3d at 1051 ("[t]he RAND context is analogous to these various circumstances in which attorneys' fees expended in earlier litigation are collectible as damages for a proven legal

injury") (upholding the district court's determination that Washington law allows fees and costs expended to defend an injunction action in a FRAND dispute).

Thus, accepting Samsung's pled facts as true, Samsung as adequately given notice of harm and causation. *See Twombly,* 550 U.S. at 555.

## IV.    CONCLUSION

For the reasons discussed above, Samsung respectfully requests that the Court DENY GComm's motion to dismiss.[3]

Dated: July 20, 2022                                   Respectfully submitted,

                                                        */s/ Melissa Richards Smith*
                                                        Melissa Richards Smith
                                                        TX Bar No. 24001351
                                                        melissa@gillamsmithlaw.com
                                                        GILLAM & SMITH, LLP
                                                        303 South Washington Ave.
                                                        Marshall, Texas 75670
                                                        Telephone: (903) 934-8450
                                                        Facsimile: (903) 934-9257

                                                        FISH & RICHARDSON P.C.

                                                        Ruffin B. Cordell
                                                        TX Bar No. 04820550
                                                        cordell@fr.com

                                                        Michael J. McKeon
                                                        DC Bar No. 459780

---

[3] To any extent the Court believes Samsung should have included any additional facts in its pleadings, Samsung respectfully requests it be allowed to amend its counterclaim. *Thomas v. Chevron U.S.A., Inc*., 832 F.3d 586, 590 (5th Cir. 2016) ("Rule 15(a) evinces a bias in favor of granting leave to amend") (citation omitted) (reversing district court's denial of motion for leave to amend).  GComm certainly has not demonstrated there is no set of facts that could plausibly support Samsung's breach of contract claim.  Indeed, with GComm implicitly admitting its offer to date is not FRAND, and with GComm even seeking an injunction in Brazil in direct violation of its FRAND obligations, Samsung's claim is quite strong.

mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Linhong Zhang
DC Bar No. 982341
lwzhang@fr.com
Kenton W. Freeman, Jr.
DC Bar No. 1671507
will.freeman@fr.com
Sun Young Park
NY Bar No. 5412739
apark@fr.com
Julianne Campbell
DC Bar No. 1766159
jcampbell@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel:  (202) 783-5070
Fax:  (202) 783-2331

Leonard Davis
Texas Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com
1717 Main Street, Suite 5000
Dallas, TX 78766
Tel:  (214) 747-5070
Fax: (214) 747-2091

John Thornburgh
CA Bar No. 154627
thornburgh@fr.com
Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070

16

***Counsel for Defendants***

*SAMSUNG ELECTRONICS CO., LTD. AND*
*SAMSUNG ELECTRONICS AMERICA, INC.*

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on July 20, 2022, a true and correct copy of the foregoing

instrument was delivered to all counsel of record through the Court's electronic filing system.


<u>*/s/ Melissa Richards Smith*</u>
Melissa Richards Smith