IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| G+ COMMUNICATIONS, LLC, § <br> §<br>*Plaintiff*, §<br> §<br>v. §<br> §<br>SAMSUNG ELECTRONICS CO. LTD., §<br>SAMSUNG ELECTRONICS AMERICA, §<br>INC., §<br> §<br>*Defendants*. § | CIVIL ACTION NO. 2:22-CV-00078-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff G+ Communications, LLC's ("G+") Motion to Dismiss Defendants' Counterclaim (Count I) (the "Motion"). (Dkt. No. 26). In the same, G+ moves to dismiss Defendants Samsung Electronics Co. Ltd and Samsung Electronics America, Inc.'s (collectively, "Samsung") breach of contract counterclaim regarding FRAND ("Counterclaim I") alleging that: (1) Samsung failed to plead factual allegations sufficient to demonstrate a breach of the FRAND obligation; (2) Samsung failed to plead factual allegations sufficient to demonstrate harm caused by the alleged breach; and (3) Samsung failed to plead allegations related to the applicable choice of law. (*Id.*). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED** for the reasons set forth herein.

**I.    PROCEDURAL BACKGROUND**

G+ filed its Complaint against Samsung on March 14, 2022. (Dkt. No. 1). The Complaint accuses Samsung of infringing five of G+'s patents (the "Asserted Patents"). (*Id.*). G+ alleges its Asserted Patents are essential to practicing the 3GPP 5G Standard technology implemented in wireless telecommunications products and that certain Samsung technology infringes the Asserted

Patents. (*Id*. at 2, 7, 11). Samsung answered the Complaint on June 13, 2022 and filed counterclaims alleging non-infringement and invalidity of the Asserted Patents. (Dkt. No. 18). These counterclaims are not the subject of the Motion. Samsung's additional counterclaim, Counterclaim I, asserts that G+'s failed to negotiate licenses of the Asserted Patents in accordance with applicable Fair, Reasonable and Non-Discriminatory ("FRAND") terms and conditions, as required by ETSI's Intellectual Property Rights Policy ("IPR Policy"). (*Id*. at 22-24). Accordingly, G+'s Motion seeks only to dismiss Samsung's Counterclaim I. (Dkt. No. 26).

## II.  LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss

that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III. DISCUSSION

In its Motion, G+ argues that Samsung has failed to properly plead all elements of Samsung's breach of contract counterclaim related to FRAND. (Dkt. No. 26). Specifically, G+ argues that Counterclaim I lacks sufficient allegations related to breach, damages, and discussion of the applicable choice of law. (*Id.*). As explained below, the Court finds that Samsung's Counterclaim I is sufficient to put G+ on notice of the claim.

#### A. Factual Background

On or about September 8, 2021, G+ sent Samsung a letter wherein G+ alleged ownership over the Asserted Patents through an assignment from a ZTE Corporation. (Dkt. No. 18 at 2). The letter provided, in pertinent part, that the Asserted Patents "have been declared essential (as that term is defined by ETSI) to practicing the 3GPP LTE Standard." (*Id.*). Samsung contends that following the September 8, 2021 letter, G+ breached its FRAND obligations in several respects. (*Id.*). Specifically, Samsung's Counterclaim I alleges five independent breaches by G+: (1) "failing to negotiate in good faith towards a FRAND license," (2) "refusing to license patents that it contends are essential to 3GPP standards to Samsung on FRAND terms," (3) "seeking a preliminary injunction to improperly strengthen GComm's negotiating position to extract unfair royalties as an end-run around GComm's FRAND obligations,"; (4) "initiating this lawsuit without abiding by the terms of those commitments and obligations"; and (5) "failing to negotiate in good faith by seeking and obtaining a preliminary injunction against Samsung in Brazil in the early stages of discussions, and seeks injunctive remedies as improper and undue leverage against Samsung in an effort to force Samsung into unreasonable license terms." (*Id.* at 22–24). G+ does

3

not dispute that it is bound by ETSI's IPR Policy to negotiate FRAND Terms or that Samsung is a Third-Party Beneficiary entitled to the benefits of G+'s FRAND agreement. (Dkt. No. 31 at 3).

**B.    Breach of FRAND**

In Counterclaim I, Samsung alleges that G+ violated ETSI's IPR Policy by (1) "failing to negotiate in good faith towards a FRAND license," (2) "refusing to license patents that it contends are essential to 3GPP standards to Samsung on FRAND terms," (3) "seeking a preliminary injunction to improperly strengthen GComm's negotiating position to extract unfair royalties as an end-run around GComm's FRAND obligations," (4) "initiating this lawsuit without abiding by the terms of those commitments and obligations; and (5) "failing to negotiate in good faith by seeking and obtaining a preliminary injunction against Samsung in Brazil in the early stages of discussions, and seeks injunctive remedies as improper and undue leverage against Samsung in an effort to force Samsung into unreasonable license terms." (Dkt. No. 18 at 22–24).

G+ complains that Samsung's Counterclaim I fails to allege sufficient facts reflecting a failure by G+ to negotiate in good faith. (Dkt. No. 26 at 11). Specifically, G+ contends that G+'s refusal to agree to Samsung's proposed non-disclosure agreement was justified, the enforcement of patent rights against an unwilling licensee is not evidence of lack of good faith, and that the evidence reflects G+'s efforts to negotiate with Samsung in good faith. (*Id*. at 11-15). Said another way, G+ invites the Court to go beyond an analysis of Samsung's pleaded allegations and to weigh evidence concerning that allegation. The Court declines such invitation.

At the pleadings stage, the Court draws all reasonable inferences in Samsung's favor and likewise finds that Samsung has pled facts sufficient to state a claim. Samsung has alleged facts that G+ breached the ETSI IPR in several respects. (Dkt. No. 18 at 22–24). G+'s disagreement with the substance of Samsung's allegations is perhaps better addressed by a summary judgment motion, not a 12(b)(6) motion. Samsung's allegations are sufficient at the pleadings stage.

### C. Harm

With respect to Samsung's harm allegations, G+ argues that the allegations are conclusory. (Dkt. No. 26 at 17). G+ also argues that Samsung failed to plead facts that connect the alleged breach with Samsung's alleged damages. (*Id*. at 18). The Court disagrees. The Court finds that within Counterclaim I, Samsung states facts sufficient to put G+ on notice of Samsung's alleged harm. Samsung has sufficiently plead the redressability of its purposed harm. For example, Samsung seeks monetary damages to compensate it for the time and resources defending this dispute. (Dkt. No. 18 at 24). In that regard, Samsung may be entitled to the cost of litigation as damages if Samsung shows those damages were caused by G+'s breach of ETSI commitments. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-CV-00052, 2017 WL 3954108, at *2-3 (E.D. Tex. Aug. 29, 2017), *report and recommendation adopted*, No. 2:16-CV-00052, 2017 WL 3927177 (E.D. Tex. Sept. 6, 2017) (citing *Microsoft Corp. v. Motorola,* Inc., 795 F.3d 1024, 1049 (9th Cir. 2015)). Accordingly, the Court finds G+'s 12(b)(6) arguments with respect to harm to be unpersuasive.

### D. Choice of Law

Finally, G+ complains that Samsung failed to allege the law applicable to Counterclaim I. (Dkt. No. 26 at 11, 16). Samsung, however, is not obligated to plead a specific statement of law. *See Smith v. Ins. Adjusters Grp., LLC*, No. 221CV00068, 2021 WL 3477362, at *4 (E.D. Tex. July 13, 2021), report and recommendation adopted, No. 221CV00068, 2021 WL 3471210 (E.D. Tex. Aug. 6, 2021) (fair notice "does not require an explicit statement of law"). Samsung has provided sufficient notice of Counterclaim I to G+.

## IV.   CONCLUSION

For the reasons stated herein, G+'s Motion is **DENIED**.

**So ORDERED and SIGNED this 28th day of September, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE