IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00078-JRG |
| SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff G+ Communications, LLC's ("Plaintiff" or "G+") Motion for Leave to Supplement Plaintiff's Expert Declaration in Support of Claim Construction (the "Motion"). (Dkt. No. 90). In the Motion, G+ moves for leave to serve the Supplemental Declaration of Dr. Robert Akl (the "Supplemental Declaration") in support of its claim construction brief. (*Id*.). Having considered the Motion and the briefing related thereto, the Court finds that the Motion should be **DENIED**.

**I.    BACKGROUND**

In compliance with Local Patent Rule 4-2, Plaintiff and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") previously exchanged preliminary claim constructions and extrinsic evidence. (Dkt. Nos. 79, 81). The parties then met and conferred regarding their respective claim construction positions. (Dkt. No. 100 at 5). Per Local Patent Rule 4-3, G+ and Samsung simultaneously exchanged expert declarations in support of their respective claim construction positions on March 13, 2023. (*Id*. at 6). On March 17, 2023, G+ proposed a date for Dr. Akl to serve a rebuttal declaration. (*Id*.). Samsung advised that it

opposed the service of a rebuttal report as such reports are not expressly permitted under the Local Patent Rules. (*Id.*). Claim construction discovery closed on March 29, 2023. (*Id.*). On April 9, G+ served the Supplemental Declaration, offered to make Dr. Akl available for deposition, and suggested that Samsung obtain sur-reply declarations from its experts. (Dkt. No. 90 at 2). G+ filed this Motion on April 10, 2023 and its claim construction brief on April 12, 2023. (Dkt. Nos. 90 and 98). Samsung filed its response to G+'s Motion on April 26, 2023 and its responsive claim construction brief on April 27, 2023. (Dkt. Nos. 100, 101). The Markman hearing is set for June 1, 2023.

## II. LEGAL STANDARD

"Once a scheduling order has been entered in a case and a deadline has been set for filing amended pleadings, the decision whether to permit a post-deadline amendment is governed by Fed. R. Civ. P. 16(b)." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Under Rule 16(b)(4), a motion to modify the scheduling order by permitting the filing of an amended pleading after the deadline in the scheduling order may be granted 'only for good cause and with the judge's consent.'" *Id*.

"The party seeking to modify a scheduling order has the burden to show good cause." *Id*. "The Fifth Circuit has directed that in deciding whether to permit amendments to the pleadings after the deadline for such amendments, district courts should consider '(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id*. (quoting *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)).

P.R. 4-3 disclosures are intended to give notice to opposing parties of the expert opinions and the grounds for those opinions upon which the party intends to rely. *Fractus S.A. v. AT&T Mobility LLC*, 2019 WL 5373021 at *2 (E.D. Tex. Mar. 19, 2019). This does not, however, mean that these initial disclosures must be the last word from the experts on the opinions that they express. (*Id*). Experts may continue to develop and refine their opinions, particularly as they review and consider the opinions of opposing experts. (*Id.*). However, subsequent expert testimony may not introduce entirely new topics such that the opposing party would be surprised by opinions, grounds, or facts contained in subsequent expert testimony when viewed in light of the opinions, grounds, and facts disclosed by all experts in the initial P.R. 4-3 disclosures. (*Id.*).

### III.   DISCUSSION

G+ argues that it should be permitted to rely on the Supplemental Declaration to rebut Samsung's indefiniteness arguments. (Dkt. No. 90). G+ contends that it submitted the Supplemental Declaration after the P.R. 4-3 disclosures because G+'s expert, Dr. Akl, was unable "to fully understand the substance of Samsung's indefiniteness arguments or the reasoning of any of Samsung's claim construction experts" prior to Samsung's March 13 P.R. 4-3 reports. (*Id*. at 3). G+ argues "Samsung provided boilerplate assertions of indefiniteness in its P.R. 4-2 disclosures and cursory explanations during the parties' meet-and-confers regarding claim construction." (*Id.*). G+ further contends that this supplement is "critical" and that allowing the Supplemental Declaration is not prejudicial because Samsung's responsive claim construction brief was not due until April 26, and G+ provided Samsung with the opportunity to depose Dr. Akl, which it declined to do. (*Id*. at 4). Finally, G+ argues that the Court's decision in *Fractus* is instructive because the Court permitted the service of a second expert report after the P.R. 4-3 deadline. (*Id.*). *Fractus S.A.*, 2019 WL 5373021 at *2.

Samsung responds that G+'s service of the Supplemental Declaration violates the Court's Local Patent Rules, which do not expressly permit rebuttal disclosures. (Dkt. No. 100 at 5, 10–13). Samsung further contends that unlike the supplement in *Fractus*, Dr. Akl's Supplemental Declaration includes new opinions that could and should have been included in his "skeletal" and "bare bones" original declaration. (*Id*. at 8, 12, 13). Samsung further argues that G+'s timeliness argument is undercut by the fact that G+ expressed an intent to serve a responsive declaration even before the reports were exchanged on March 13. (*Id*. at 13). According to Samsung, G+ was, or should have been, fully apprised of Samsung's infringement positions as Samsung attempted to engage G+ in discussions about Samsung's infringement theories. (*Id*. at 13, 14). Regarding the importance prong, Samsung contends that it was important for G+ to comply with the parameters set forth in the Court's Local Patent Rules, "otherwise [the Court] would be buried in endless sur-rebuttals." (*Id*. at 14). Finally, Samsung contends G+'s proposal would have placed Samsung in the difficult position of having to respond to G+'s opening claim construction brief while also preparing for and taking the deposition of Dr. Akl. (*Id*. at 15). Samsung further contends that "the prejudice to Samsung of having to brief and argue claim construction with an unsettled record is substantial, and exactly what the Local Patent Rules are designed to prevent." (*Id*.).

The Court agrees with Samsung. G+'s Motion fails to demonstrate good cause for several reasons. First, if G+'s efforts to discover Samsung's indefiniteness arguments were hampered by insufficient 4-2 disclosures or through an unsuccessful meet and confer process, G+ should have come to the Court on this issue well before April 10, which was just two days before G+ filed its claim construction brief. Second, G+'s justification for the Supplement Declaration—that Samsung's P.R. 4.2 disclosures were insufficient—was not readily apparent to the Court as G+ failed to attach such disclosures to its Motion or its P.R. 4-2 Notice of Compliance. Third, the

circumstances here differ from those in *Fractus* as Dr. Akl's Supplemental Declaration clearly includes opinions that should have been set forth in his opening report. For example, paragraphs 69 through 74 of the Supplemental Report contain opinions that go well beyond simply rebutting opinions in Samsung's P.R. 4-3 disclosures. *Fractus* should not be interpreted to mean that rebuttal declarations are permitted in every case. Only a narrow set of circumstances warrant such relief. This is not one of them. If after the exchange of fulsome P.R. 4-2 disclosures, ongoing meet and confer efforts, and the service of P.R. 4-3 disclosures, a party determines that a rebuttal is necessary to fully apprise of the Court of the party's claim construction position, it should promptly and diligently move for leave to file a reply brief well before claim construction briefing begins. *Fractus* was the exception and not the rule. Under these facts, G+ does not fit the exception.

## IV.   CONCLUSION

For the reasons stated herein, G+'s Motion is **DENIED**.

**So ORDERED and SIGNED this 17th day of May, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE