IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:22-cv-00078-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO, LTD.; | § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC. | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION TO COMPEL SAMSUNG WITNESS DAEJIN JEON TO PROVIDE RESPONSIVE ANSWERS IN DEPOSITION**

**I.    Introduction**

One of the central Samsung witnesses in this case is Daejin Jeon. He was the Samsung manager who received and responded to correspondence from Plaintiff before this lawsuit was filed. Samsung identified him in its initial disclosures as having "information concerning Samsung's licensing negotiations with GComm; Samsung's licensing practices and third party licenses," and was the only witness identified as having knowledge on any 30(b)(6) topics related to these issues. Exhibit 1 Specifically, Samsung designated him on thirty-eight 30(b)(6) topics, including:

> 53. Defendants' investigation, if any, as to whether it infringed any claim of any of the Patents-in-Suit prior to the filing of this lawsuit.
>
> 54. Defendants' investigation, if any, as to the validity of any claim of any of the Patents-in-Suit prior to the filing of this lawsuit.

Exhibit 1. On September 8, 2021, Plaintiff sent correspondence to Samsung listing each of the currently asserted patents, alleging that Samsung's implementation of 5G technology used these patents and asking Samsung to take a license. This instant lawsuit was not filed until March 14, 2022. Dkt. 1. And a non-use and non-disclosure was not executed until November 7, 2022. Dkt. 49, ¶44.

As a result, the period between the September 2021 correspondence and the filing of this lawsuit in March 2022 reflects a key period of time in which Plaintiff can establish willfulness.

Mr. Jeon was deposed on Sunday evening, June 11, 2022, over Zoom. Entering the beginning of the second hour of his deposition, Mr. Jeon was confronted with the September 2021 letter and was asked repeatedly if, before the lawsuit, Samsung had ever disputed that the patents in the letter were infringed and valid. The witness repeatedly replied with a canned answer that was non-responsive, complaining about Plaintiffs' refusal to agree to a non-use agreement before the lawsuit. The "why" was not the subject of the examination. The subject of the examination was something very crucial: whether Samsung ever articulated a dispute about infringement or validity before suit.

> Q. And what I'm asking is, before the – this lawsuit was filed, while you were negotiating with G+ Communications, did you ever put in writing an explanation or an assertion that the patents were not infringed and invalid?
> A. You mean before the litigation?
> Q. Yes.
> A. Prior to litigation, when there was a letter received the letter, there was a reply to the said letter and there was a request to entering for an NDA. If at the time NDA was entered into, it would have been something that could have been discussed. But since there was no NDA, there wasn't a real substitute.
> Q. You understand that an NDA was --
> MR. SHEASBY: Move to strike as nonresponsive.

Exhibit 2; 19:21-20:12. Plaintiff asked the question in a different way to ensure that there could be no dispute about the non-responsiveness of the answer. Mr. Jeon again provided his canned answer, blaming Plaintiff's manager (Jeremy Pitcock) for refusing to enter into a non-use agreement,

> Q. (BY MR. SHEASBY) Did you ever tell Mr. Pitcock In writing the patents were invalid and not infringed? Yes or no?
> A. In order for us to grow into a discussion, we requested to Jeremy that an NDA be entered into. And initially, it appeared as if Jeremy was going to do that, but he refused and therefore we could not further the discussion properly.
> MR. SHEASBY: So I move to strike as Nonresponsive

Exhibit 2; 20:13-20:22  The question was changed again to ensure the problem was not with the translation.

> Q. At any point in time, did you tell Mr. Pitcock or G+ Communications in writing that the patents were infringed or invalid -- not infringed or invalid?
> A. In our response for the litigation, I saw that there is a statement saying that we do not infringe G+ patents and that those patens are invalid.
> In terms of conversation with Jeremy, signing an NDA was important in order for both parties to have a discussion and we explained importance of signing an NDA and Jeremy refused. Therefore, before the litigation, we could not have any proper discussion.

Exhibit 2; 20:24-21:10. Samsung's counsel was informed that if the non-responsiveness continued Plaintiff would seek an order from the Court.

> MR. SHEASBY: I move to strike as nonresponsive.
> I need you to answer my question directly.
> And for counsel, I'm going to terminate this deposition and seek an order from the Court if this continues.

Exhibit 2; 21:11-17. Plaintiff then sought to obtain a responsive answer two more times, culminating in the following exchange:

> Q. (BY MR. SHEASBY) At any point in time, did you tell G+ Communications, you or Mr. Kim, that the patents were not invalid or not infringed before this lawsuit was filed?
> A. In order for us to carry out a conversation properly, we suggested an NDA. And Jeremy asked for a draft NDA and we sent that. But after that, he refused to sign it, and then there was a lawsuit that was raised.
> In our response for the complaint, we stated that we do not infringe G+ patents and that the patents are invalid.

Exhibit 2, 22:10-21. Questions do not have to be answered yes or no. And one of the reasons depositions are 7-hours is that examining counsel needs to make sure they are asking precise questions in order to elicit responsive answers. Fact witnesses are normally not expert deposition takers. The behavior in this deposition went far beyond a lack of understanding of the question or an imprecision in answering. The answers given were designed to evade admitting a critical fact in this case: Samsung never disputed infringement and validity for six months until the complaint was filed.

After Plaintiff indicated that they were terminating the deposition to seek the Court's guidance, Counsel for Samsung made clear that Samsung had no intention whatsoever of resolving Plaintiffs concerns:

> All right. I suggest that you move on and answer your other questions. Presumably, you've got lots of other things you'd like to ask about. I understand you've asked this question several times. You may not have gotten the answer that – that you want, but he's given the answer that he's willing to give, the answer that – that is true. And you may not get the answer that you want. If you terminate the deposition, we're considering the deposition over. You've got plenty of other things you could ask him about if you would like to move on and do that.

Exhibit 2; 23:11-21. Making these types of statements in front of the witness simply incentivizes the witness to continue with the tactic that is the source of the dispute (although the witness sat for his deposition translated, the witness speaks, reads and writes English).

This dispute should not require Court intervention. Plaintiff tried repeatedly to resolve its concerns, including something as basic as Samsung stipulating that the witness would give a direct, responsive answer to the questions above. Samsung refused to agree. Instead, Samsung sought to call into question Plaintiff's professional competence.

> Just so you are clear on our position – you have forfeited your right for further deposition time for Mr. Jeon. You were obviously wholly unprepared for the deposition and your strategic decision to unilaterally end the deposition was improper.

Exhibit 3. To be clear, the examining attorney for this witness had a 40-page outline that was prepared over four days. The witness is in Korea. The 9:00 am Monday Korea Time start of the deposition occurred at 7:00pm Sunday in Marshall, Texas, and therefore a hotline call could not occur. To threaten a party that if it tries to seek Court guidance the party loses their entire right to depose a witness is unproductive.

Plaintiff requests that Mr. Jeon be ordered to provide responsive answers to questions. He will not be perfect. And counsel for Plaintiff will not ask perfect questions every time. But this witness

is too important, and the topics of examination in which the non-responsive answers were repeatedly given are too central to the case, to not seek Court guidance.

## II.  Legal Standard

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26.

The Federal Rules recognize that "'an evasive or incomplete . . . answer . . . must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4).  A party may make a motion to compel disclosure or discovery if "a deponent fails to answer a question asked under Rule 31 or 30." Fed. R. Civ. P. 37(a)(3)(B)(i).  Upon a deponent's failure to answer, opposing counsel may "adjourn the examination before moving for an order." Fed. R. Civ. P.37(a)(3)(C); *see, also, Linear Group Services, LLC v. Attica Automation, Inc.*, 2-13-cv-10108 (Apr. 21, 2014, EDMI) ("FED R. CIV. P. 30(d)(3)(A) and 37(a)(3)(C) permits a party to terminate a deposition when the deponent's responses are evasive."); Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith [and] the deposition must be suspended for the time necessary to obtain an order.").

## III.  Argument

Samsung's witness, Daejin Jeon, is a central witness in this case at least on issues relating to Samsung's willful infringement and Samsung's licensing, including on licenses Samsung contends are comparable and provide a basis for damages in this case.  Mr. Jeon provided non-responsive, evasive answers to questions directly relating to a topic he was identified as having knowledge in Samsung's initial disclosures and designated under rule 30(b)(6) to testify.  G+ counsel provided multiple opportunities for the witness to respond to the question at hand, and the witness declined to do so. These evasive answers must be treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

Furthermore, when Samsung's counsel was informed that G+ would terminate the deposition

if the witness would not provide a responsive answer, Samsung's counsel did not advise the witness to answer the question, or request a break to discuss the situation with the witness. Rather, Samsung's counsel stated to G+ counsel that "I suggest that you move on" because the witness has "given the answer that he's willing to give." Exhibit 2, 23:11, 23:16-17.

Because of the timing of the deposition, the discovery hotline was not available to address this issue. G+ Counsel offered to resume the deposition without Court intervention if Samsung would provide a stipulation that Mr. Jeon would provide responsive answers, but Samsung declined. G+ also offered to contact the Court via the discovery hotline on Monday, but Samsung again declined, responding that G+ had forfeited its deposition time with Mr. Jeon.

Samsung counsel flew to Korea to prepare Mr. Jeon for his deposition and sat in the same room with him. Samsung could have agreed to a Monday morning Texas time hotline call and the deposition could have proceeded again on Monday evening. In fact, G+ offered to take the deposition anytime this week once the dispute was resolved. Samsung refused a Monday morning hotline call.

Samsung's suggestion that G+ simply "give up" and move on to other topics is no solution at all. All this does is waste the time of the parties, because the witness is clearly intent on giving evasive answers, and give the witness a preview of the questioning that he will be exposed to after the motion is decided. Take a full deposition, and then file a motion on all the non-responsive questions is not what the Federal Rules specify. The Federal Rules specify the exact procedure used in this motion.

**IV.     Conclusion**

Plaintiff requests that Samsung be ordered to resume the deposition of witness Daejin Jeon and that Mr. Jeon be ordered to provide responsive answers to questions.

- 7 -

| | |
|---|---|
| Dated: June 13, 2023 | Respectfully Submitted, |

/s/ *Michael C. Pomeroy*
Scott W. Breedlove
Texas State Bar No. 00790361
Joshua J. Bennett
Texas State Bar No. 24059444
Bradley D. Liddle
Texas State Bar No. 24074599
Theresa M. Dawson
Texas State Bar No. 24065128
Michael Pomeroy
Texas State Bar No. 24098952
**CARTER ARNETT PLLC**
8150 N. Central Expressway
5th Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

**IRELL & MANELLA LLP**
Jason Sheasby (CA #205455)
Benjamin Manzin-Monnin (CA #325381)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199

**ATTORNEYS FOR PLAINTIFF G+ COMMUNICATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 13, 2023, a copy of the foregoing was served to all counsel of record.

/s/ *Michael C. Pomeroy*
Michael C. Pomeroy

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties met and conferred on the issues raised in this motion on Monday, June 12, 2023.

/s/ *Jason Sheasby*
Jason Sheasby