IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00078-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is Plaintiff G+ Communications, LLC's ["G+"] Motion to Exclude Documents Produced After Fact Discovery (the "Motion"). (Dkt. No. 184.) In the Motion, G+ moves to exclude late-produced documents under Federal Rule of Civil Procedure 37. (*Id.* at 2–3.) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") oppose the Motion. (Dkt. No. 225.) For the following reasons, the Court finds that the Motion should be **DENIED**.

**II.   BACKGROUND**

All four patents-in-suit were developed by ZTE Corporation ("ZTE"), the original assignee of the patents. (Dkt. No. 225 at 1.) ZTE later sold the patents to G+. (*Id.*) In the patent purchase agreement ("PPA") itself ZTE informed G+ that Apple Inc. ("Apple") had a license to the patents-in-suit. (*Id.* at 1–2.)

On the day fact discovery opened, August 10, 2022, Samsung sent a letter to G+ requesting "[a]ll documents related to [G+]'s acquisition of the Asserted Patents from ZTE Corporation,"

"[a]ll documents relating to any contracts or other agreements between [G+], ZTE, the inventors of the Asserted Patents, and/or any prior assignee of the Asserted Patents," and "[a]ll documents relating to any contracts or other agreements between [G+] and any past or present licensee of the Asserted Patents." (*Id.* at 2.) Despite consistent follow up from Samsung, G+ did not produce a version of the PPA until February 27, 2023, and even then, the portion of the PPA explaining that Apple had a license to the patents-in-suit was redacted. (*Id.* at 2–3.) G+ finally produced the full, unredacted version of the PPA on April 3, 2023. (*Id.* at 3.)

Samsung then served a subpoena on Apple approximately six-weeks later, on May 22, 2023 seeking the Apple-ZTE license. (Dkt. No. 184 at 1.) Samsung did not receive the full, unredacted ZTE-Apple license from Apple until July 7, 2023. (Dkt. No. 225 at 3.) Samsung produced the ZTE-Apple license to G+ on July 10, 2023. (Dkt. No. 184 at 1.) Fact discovery had closed on June 28, 2023. (*Id.*)

### III.  LEGAL STANDARD

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts apply a four-factor test to determine whether to find a violation substantially justified or harmless: (1) "the justification for why the disclosure should be considered timely"; (2) "the prejudice to the party opposing the introduction of the evidence"; (3) "the importance of the evidence"; and (4) "the possibility of curing such prejudice by granting a continuance." *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004).

### IV. ANALYSIS

G+ argues that there is no good reason why Apple was late in producing the ZTE-Apple license after the close of fact discovery, and that Samsung has not offered one. (Dkt. No. 184 at 3.) Further, G+ argues, Samsung is to blame for the delay because it waited a month-and-a-half to subpoena Apple. (*Id.*) G+ argues that allowing use of the evidence would prejudice it because it has not had its own opportunity to explore the facts behind the ZTE-Apple license. (*Id.* at 3–4.) More specifically, G+ contends that the ZTE-Apple license is a cross license, and G+ needs to take discovery of the facts behind the license in order to properly valuate it. (*Id.*) G+ then argues that there is prejudice because Samsung is newly asserting that G+ breached its FRAND commitments and intends to use the ZTE-Apple license as evidence for that purpose. (*Id.* at 4.) G+ contends that the Apple-ZTE license is not so important as to override the other factors. (*Id.* at 5.) Finally, G+ contends that a continuance would not cure the prejudice because trial is imminent. (*Id.*)

In response, Samsung argues that it was G+, not Samsung or Apple, who is largely responsible for the late production of the ZTE-Apple license. (Dkt. No. 225 at 4.) It was G+ who delayed in producing the PPA for 8 months, the document that led to the ZTE-Apple license. (*Id.* at 4–5.) Samsung then contends that there is no prejudice to G+ because both parties' experts have had a full and fair opportunity to address the ZTE-Apple license, and *did* address it. (*Id.* at 5.) Moreover, Samsung argues, it is disingenuous for G+ to suggest that Apple's late production of the ZTE-Apple license is Samsung's fault, when G+ knew about it the whole time. (*Id.*) Samsung also urges that it has not raised any new theory on breach of FRAND. (*Id.* at 5–6.) Samsung argues that the ZTE-Apple license is important and unique because it is the only license to the asserted patents in this case. (*Id.* at 6.) Finally, Samsung argues that no continuance is necessary because G+'s experts have addressed the ZTE-Apple license. (*Id.* at 7.)

The Court is not persuaded by G+'s arguments. First, the Court finds that the ZTE-Apple license is relevant because it is the only license to the asserted patents. Second, the Court finds that there is limited prejudice to G+ seeing that its own experts have addressed the ZTE-Apple license in their reports. Moreover, to the extent that there is any prejudice to G+ from its inability to investigate the facts underlying the ZTE-Apple license, that prejudice is largely of G+'s own making. G+ was aware of the ZTE-Apple license from the moment it purchased the patents from ZTE, seeing that the PPA itself told G+ that the patents were subject to a license with Apple. Nonetheless, G+ did not serve any discovery on Apple. Additionally, as regards G+'s arguments that Samsung is using the ZTE-Apple license to propound a new breach of FRAND theory, what Samsung *might* do with evidence is not reason to exclude it at the outset. Third, the Court, on balance, largely credits Samsung's justification for the late-production of the ZTE-Apple license—G+'s delay in producing the PPA.[1] Finally, the Court finds that no continuance is necessary, and G+ does not describe what a continuance would accomplish, if one were granted.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that G+'s Motion to Exclude the Apple-ZTE license (Dkt. No. 184) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Though the 6-week delay by Samsung in subpoenaing the license from Apples shows that Samsung itself does not have completely clean hands. They are just "less unclean" than G+'s considering its 8-month delay in producing the PPA.