IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00078-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| | § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is Plaintiff G+ Communications, LLC's ["G+"] Motion for Leave to Supplement Opening Expert Report of Dr. Robert Akl (the "Motion"). (Dkt. No. 186.) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") oppose the Motion. (Dkt. No. 246.) For the following reasons, the Court finds that the Motion should be **GRANTED-AS-MODIFIED**.

**II.   BACKGROUND**

On August 16, 2022, G+ served an interrogatory on Samsung, requesting Samsung's non-infringement positions. (Dkt. No. 186 at 2.) Samsung did not substantively answer its non-infringement interrogatory response until June 20, 2023, eight days prior to the date opening expert reports were due. (*Id.* at 1.) Samsung's response included a 90-page appendix of assertions regarding Samsung's non-infringement positions for each patent-in-suit. (*Id.*) The Court then issued its claim construction order on July 13, 2023 (Dkt. No. 169). (Dkt. No. 186 at 1.) G+ then served Dr. Robert Akl's 18-page supplemental report on Samsung on July 30, 2023. (*Id.*) The

supplement is to Dr. Akl's opening report, which itself is over 1700 pages long, and was served on June 28, 2023. (*Id.* at 1, 5.) The supplement contains doctrine of equivalence theories. (*Id.* at 3.)

### III.   LEGAL STANDARD

The decision of whether to permit a party leave to supplement its expert reports is committed to the sound discretion of the District Court. The Fifth Circuit has articulated four factors to be considered in deciding whether there is good cause to grant a party leave to supplement its expert reports: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

### IV.   ANALYSIS

G+ argues that any delay is justified because Samsung served its interrogatory response, that included a 90-page appendix, just prior to the close of fact discovery and the due date for Dr. Akl's opening expert report. (Dkt. No. 186 at 4.) G+ also argues that it worked with diligence, serving Dr. Akl's 1750-page opening report on infringement, 221-page rebuttal report on validity, and the 18-page supplement within 40 days. (*Id.* at 4–5.) G+ also contends that the supplement is important because it contains Dr. Akl's doctrine of equivalence infringement positions. (*Id.* at 5–6.) G+ urges that there would be no prejudice to Samsung if G+ is granted leave to supplement because G+ is simply adding greater specificity. (*Id.* at 6–7.) Finally, G+ argues that there is no need for a continuance since there is no prejudice. (*Id.* at 7.)

In response, Samsung argues that G+ is not justified in its delay because it only used boilerplate language G+'s July 5, 2022 original infringement contentions, G+'s June 16, 2023 amended infringement contentions, and Dr. Akl's June 28, 2023 opening report put forth only

barebones doctrine of equivalence theories. (Dkt. No. 246 at 6–7.) Samsung also argues that G+ was not diligent because G+ served Dr. Akl's opening report more than a week after Samsung served its supplemental interrogatory response, yet G+ waited more than a month longer to provide any sort of detail on its doctrine of equivalence positions. (*Id.* at 7.) Samsung then argues that it will be prejudiced because it conducted the entirety of fact discovery and submitted opening and rebuttal expert reports without knowing that G+ would pursue a substantive doctrine of equivalents case. (*Id.* at 8–9.) Samsung then concedes that a continuance is not available, so this factor disfavors leave. (*Id.* at 9–10.) Finally, Samsung argues that the importance of this supplement does not outweigh the other factors. (*Id.* at 10.)

As both parties concede, the supplement is important. (Dkt. No. 186 at 5–6. *See* Dkt. No 246 at 10.) The Court is also not persuaded that there is any meaningful prejudice to Samsung. Samsung complains that G+ only used conclusory language regarding its doctrine of equivalence positions, and so Samsung interpreted this to mean that G+ would not be substantively pursuing a doctrine of equivalence theory. (Dkt. No. 246 at 8–9.) Accordingly, Samsung says that it is now prejudiced because G+ is doing what Samsung assumed G+ would not do. This is not compelling. Further, any delay on the part of G+ is contributed to by Samsung. G+ likely needed to know Samsung's non-infringement contentions before G+ could meaningfully set forth its doctrine of equivalents contentions.

However, the Court is mindful that Samsung has not necessarily had an opportunity to depose Dr. Akl on the subject of his supplement, and that doing so would mitigate any prejudice to Samsung.

V.  **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 186) should be and hereby is **GRANTED**. It is therefore **ORDERED** that G+ is given leave to supplement Dr. Akl's opening report.

Further, in order to ensure that there is minimized prejudice, if any, to Samsung, the Court **ORDERS** *sua sponte* that Samsung is granted leave to take a two-hour deposition of Dr. Akl by videoconference. The deposition shall be limited to the topics covered in Dr. Akl's supplemental report, and shall take place within 10 days of this Order.

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE