# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| G+ COMMUNICATIONS, LLC § <br><br> Plaintiff, § <br><br> v. § <br><br> SAMSUNG ELECTRONICS CO., LTD.; § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC.; § <br><br> Defendants. § | Case No. 2:22-cv-00078-JRG <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG'S SURREPLY TO PLAINTIFF G+ COMMUNICATION LLC'S MOTION TO STRIKE PORTIONS OF THE REBUTTAL EXPERT <u>REPORT OF STEPHEN WICKER (Dkt. 190)</u>**

██████████████████████████████████████
██████████████████████████████████████

## **TABLE OF CONTENTS**

I.  DR. WICKER DID NOT ENGAGE IN BELATED CLAIM CONSTRUCTION ............ 1

II.  DR. WICKER'S NON-INFRINGEMENT OPINIONS WERE TIMELY ......................... 1

III.  DR. WICKER'S OPINION REGARDING BENEFITS WERE TIMELY ......................... 2

IV.  DR. WICKER'S OPINION ON PRIOR ART WAS PROPER .......................................... 3

V.  DR. WICKER'S OPINIONS WERE NOT LEGAL CONCLUSIONS ............................. 4

VI.  DR. WICKER'S NON-INFRINGING ALTERNATIVES OPINION WAS PROPER ..... 4

VII.  DR. WICKER'S OPINION ON THE OFINNO LICENSE AGREEMENT WAS PROPER ................................................................................................................................ 5

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
 49 F.3d 1575 (Fed. Cir. 1995) ................................................................................................... 3

*Genband US LLC v. Metaswitch Networks Corp.*,
 No. 2:14-cv-33-JRG-RSP, 2016 WL 122969 (E.D. Tex. Jan. 9, 2016) ................................ 2, 5

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
 279 F.3d 1357 (Fed. Cir. 2002) ................................................................................................. 3

*TQP Dev., LLC v. Merrill Lynch & Co.*,
 No. 08-471, 2012 WL 3283354 (E.D. Tex. Aug. 10, 2012) .................................................. 4, 5

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 11. | Excerpts from GComm's Fourth Supplemental Answer to Samsung's First Set of Interrogatories, dated June 28, 2023 |
| 12. | Excerpts from the Expert Report of John Kowalski, dated June 28, 2023 |
| 13. | Excerpts from the Deposition Transcript of Robert Akl, taken August 10, 2023 |
| 14. | Excerpts from the Expert Report of Dr. Robert Akl, dated June 28, 2023 |
| 15. | Excerpts from Addendum L from the Expert Report of Dr. Robert Akl, dated June 28, 2023 |
| 16. | Excerpts from the Rebuttal Expert Report of Prof. Stephen B. Wicker, Ph.D., dated July 19, 2023 |
| 17. | Excerpts from Defendants' P.R. 3-3 and 3-4 Invalidity Contentions and Subject Matter Eligibility Contentions, dated August 30, 2022 |

███████████████████████████████████
████████████████████████████████████TION

## I. DR. WICKER DID NOT ENGAGE IN BELATED CLAIM CONSTRUCTION

GComm's assertion that Samsung somehow "hid" the claim interpretation argument at issue here from GComm during fact discovery is nonsensical. Dkt. No. 274 at 1. It was GComm that waited until the end of fact discovery to serve supplemental infringement contentions that completely revised its infringement theories, and the Court allowed this supplementation on the very day Dr. Wicker's rebuttal expert report was due. Dkt. No. 245 at 3-4. GComm chooses to ignore this procedural history in an effort to disallow Samsung's expert even to respond to GComm's new theories. The Court should reject GComm's request based on this fact alone.

GComm's arguments strangely focus on Samsung's reference to ¶ 70 of Dr. Wicker's report, suggesting that Samsung did not address GComm's argument regarding ¶ 71. Dkt. No. 274 at 1. This assertion is baseless. GComm ignores Samsung's rebuttal of GComm's misguided arguments regarding the term "transmission block" in Samsung's reply. *See* Dkt. No. 245 at 1-4 (expressly referencing ¶ 71 of Dr. Wicker's report and addressing GComm's arguments).

GComm itself engages in claim construction analysis by asserting that Dr. Wicker "violates a basic tenet of claim construction," instead of addressing the case law cited by Samsung demonstrating that disputes between experts over the plain and ordinary meaning of a term are fact issues, and are not a basis for striking the experts' opinions, which is the case here. *Compare* Dkt. No. 274 at 1, *with* Dkt. No. 245 at 2-3. GComm's attempts to strike Dr. Wicker's opinion on the "transmission block" requirement should be denied.

## II. DR. WICKER'S NON-INFRINGEMENT OPINIONS WERE TIMELY

GComm's complaints about Samsung's June 20 interrogatory response are baseless. Samsung provided this response just days after GComm's June 16 supplemental contentions, which for the first time in this case introduced detailed analysis of 5G technical specifications in

1

connection with the '881 and '443 patents. GComm moved the Court to supplement its late infringement contentions on June 28, 2023, and they were only allowed by the Court on the very day Dr. Wicker's rebuttal expert report on non-infringement was due, July 19, 2023. Dkt. No. 245 at 2-3. Therefore, Dr. Wicker's rebuttal opinion was timely.

### III. DR. WICKER'S OPINION REGARDING BENEFITS WERE TIMELY

GComm wrongfully blames Samsung for failing to disclose, *during fact discovery*, the rebuttal to the new theories provided for the first time by GComm's technical experts in their reports, *after fact discovery*. GComm relies on ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████ *See* Ex. 11 (Rogs 10, 13 GComm's Fourth Supplemental Answer to Samsung's First Set of Interrogatories) at 25-28, 31-33. Indeed, GComm's ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *Compare id. with* Ex. 12 (Kowalski Op. Rpt.) at ¶¶ 167-214. GComm's assertion that Samsung should have identified "categories of evidence" in fact discovery without seeing the actual theories injected during the expert discovery by Dr. Kowalski is misguided. In any case, GComm was not entitled to early disclosure of specific expert opinions via interrogatory requests. *See, e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 122969, at *2 (E.D. Tex. Jan. 9, 2016).

Lastly, GComm's reference to Samsung's counterclaim for GComm's breach of FRAND obligations is misleading. Dkt. No. 245 at 2. Samsung's position is that the patents-in-suit are not

2

essential to cellular standards, and that Samsung does not infringe them.

## IV.   DR. WICKER'S OPINION ON PRIOR ART WAS PROPER

**Paragraphs 87-89, 91, 93.**  GComm attempts to strike from Dr. Wicker's opinion an explanation ▮

▮ GComm's references to *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995) and *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002) are irrelevant because Dr. Wicker's explanation of the technical concept and historical development of CRC is proper.

**Paragraphs 49, 53, 57-58, 158.**  GComm's assertions that Dr. Kowalski does not credit the '443 patent with various fundamental technologies (HARQ, CRC) does not square with Dr. Kowalski's report.[1]  Otherwise, GComm complains about Dr. Wicker's rebuttal ▮

▮  *See* Ex. 11 (Rogs 10, 13 GComm's Fourth Supplemental Answer to Samsung's First Set of Interrogatories) at 25-28, 31-33.  Dr. Wicker should be able to explain that those fundamental technologies and alleged "novel aspects" were known before the '443 patent.

---

[1] *E.g.,* Ex. 12 (Kowalski Op. Rpt.) at ¶¶ 34-40 ▮

[2] *See, e.g.,* Ex. 12 (Kowalski Op. Rpt.) at ¶¶ 44-45 ▮

3

**Paragraphs 173 and 289:** GComm complains about Dr. Wicker's rebuttal ▮

▮ GComm's request should be denied for the same reasons as discussed above for the '443 patent.[3]

**Paragraphs 284:** GComm seeks to preclude Dr. Wicker's rebuttal of Dr. Kowalski's opinion ▮ GComm did not disclose this argument to Samsung during fact discovery, so Dr. Wicker should be able to rebut this new theory from GComm's expert. *See* Ex. 11 (Rog 10, GComm's Fourth Supplemental Answer to Samsung's First Set of Interrogatories) at 25-28.

## V.   DR. WICKER'S OPINIONS WERE NOT LEGAL CONCLUSIONS

GComm's referenced paragraphs from Dr. Wicker's report are not legal conclusions, and instead highlight ▮ Dkt. No. 245 at 12. GComm's assertion that Samsung does not contest that Dr. Wicker's opinion are directed to legal issues has no basis. Dkt. No. 274 at 4.

## VI.   DR. WICKER'S NON-INFRINGING ALTERNATIVES OPINION WAS PROPER

Samsung does not need to show the non-infringing alternatives were on the market, as GComm incorrectly asserts; Samsung only needs to show the non-infringing alternatives were available. Dkt. No. 274 at 4-5; Dkt. No. 245 at 13; *TQP Dev., LLC v. Merrill Lynch & Co.*, No. 08-471, 2012 WL 3283354, at *2 (E.D. Tex. Aug. 10, 2012) (denying summary judgment due to

---

[3] Indeed, GComm was ▮ as it was produced and identified by Samsung in its invalidity contentions. Ex. 17 (Inv. Cont. Cover Pleading) at 19.

material fact issues regarding availability). Realizing that the documents containing non-infringing alternatives are U.S. Patent Application publications, and were available to Samsung before the time of alleged infringement, GComm re-invents its argument in the reply by contending that Samsung never licensed the patents issued from those patent applications. This argument is unavailing. Dr. Wicker ███████████████████████████████████████ ███████████████████████████████ It is undisputed that the disclosures contained in those references were publicly available, including to Samsung. Regardless, the issue whether the non-infringing alternatives were "available" to Samsung given the technology's conventionality in the field is a factual inquiry for the jury. *See TQP Dev.*, 2012 WL 3283354, at *2.[4]

## VII. DR. WICKER'S OPINION ON THE ██████████████████████ WAS PROPER

GComm does not dispute that the ██████████ was timely produced during fact discovery, over a month before fact discovery closed and expert reports were due. GComm also does not dispute that ███████████████████████████████████ Samsung discussed in interrogatory responses. GComm's complaint that Samsung did not cite the █████ ██████ by name in interrogatory responses is unavailing, because it was not entitled to receive an expert opinion at that time. *See, e.g., Genband*, 2016 WL 122969, at *2. GComm's reference to *ContentGuard Holdings, Inc. v. Apple, Inc.* is also inapposite. 2-13-cv-01112, Dkt. 820 at 3 (Aug. 3, 2015, EDTX) (C.J. Gilstrap). There, this Court denied leave to amend invalidity contentions to add a prior art system used by the defendant as a non-infringing alternative. *Id*. at 1-3. Here, Samsung timely produced the █████████, and its interrogatory response put GComm on notice that licenses "will be further addressed in an expert report." Dkt. No. 190-8 at 14.

---

[4] Lastly, GComm's request to strike Dr. Wicker's reference ████████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████ Ex. 16 (Wicker Reb. Rpt.) at ¶¶ 173, 284.

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dated: September 5, 2023

Respectfully submitted,

*/s/ Ralph A. Phillips*

Melissa Richards Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257


FISH & RICHARDSON P.C.

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Ralph A. Phillips
DC Bar No. 475571
rphillips@fr.com
Linhong Zhang
DC Bar No. 982341
lwzhang@fr.com
Kenton W. Freeman, Jr.
DC Bar No. 1671507
will.freeman@fr.com
Sun Young Park
NY Bar No. 5412739
apark@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Julianne Campbell
DC Bar No. 1766159
jcampbell@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel:  (202) 783-5070
Fax:  (202) 783-2331
Leonard Davis

6

[redacted]

Texas Bar No. 05521600
ldavis@fr.com

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com

Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com
1717 Main Street, Suite 5000
Dallas, TX 78766
Tel: (214) 747-5070
Fax: (214) 747-2091

John Thornburgh
CA Bar No. 154627
thornburgh@fr.com

Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070

*Counsel for Defendants*

*SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 5, 2023. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Ralph A. Phillips*

8