**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| G+ COMMUNICATIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:22-CV-78 |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>**SAMSUNG'S OPPOSITION TO PLAINTIFF G+'S MOTIONS *IN LIMINE* NOS. 1-5**</u>

███████████████████████
████████████████████████████████████

# TABLE OF CONTENTS

**Page**

I.      MIL NO. 1: SUGGESTION OF "DISCRIMINATION" IN ████████████ ██████ ............................................................................................1

II.     MIL NO. 2: SUGGESTION THAT THE PATENTS IN-SUIT ARE NOT VALUABLE BASED ON G+'S CORPORATE STRUCTURE OR EMPLOYEES..............................4

III.    MIL NO. 3: SUGGESTION THAT ███████████████████████.......6

        A.    Undisputed Facts...................................................................... 7

        B.    The Undisputed Facts of ████████████████████ ... 8

        C.    This Extensive Relevance Outweighs Any Prejudice........................................... 11

IV.     MIL NO. 4: USE OF G+'S NON-FINAL INFRINGEMENT CONTENTIONS TO ARGUE OBVIOUSNESS OR ANTICIPATION, AND CHARACTERIZING PLAINTIFF'S INFRINGEMENT THEORIES AS REQUIRING A FINDING OF INVALIDITY .................................................................................11

V.      MIL NO. 5: DISCUSSION OF THE GEOGRAPHICAL LOCATIONS OF THE FACILITIES OF SAMSUNG ████████ .........................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*01 Communique Lab., Inc., v. Citrix Sys.*,
    889 F.3d 735, 741-743 (Fed. Cir. 2018) ........................................................................12, 13

*Apple Inc. v. Samsung Elecs. Co.*,
    839 F.3d 1034 (Fed. Cir. 2016)..........................................................................................4

*Apple Inc. v. Wi-LAN Inc.*,
    25 F.4th 960 (Fed. Cir. 2022) ............................................................................................9

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
    No. 221-cv-00430, 2023 WL 5003789 (E.D. Tex. Aug. 4, 2023)............................................1

*Brazos River Auth. v. GE Ionics, Inc.*,
    469 F.3d 416 (5th Cir. 2006) ............................................................................................11

*Brown v. 3M*,
    265 F.3d 1349 (Fed. Cir. 2001)..........................................................................................11

*Carucel Investments, L.P. v. Novatel Wireless, Inc.*,
    No. 16-CV-118-H-KSC, 2017 WL 1215838 (S.D. Cal. Apr. 3, 2017) ....................................4

*Digital Reg of Texas, LLC v. Adobe Sys., Inc.*,
    No. C 12-1971 CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) ......................................5

*Dollar v. Long Mfg.*,
    N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977).........................................................................11

*Door–Master Corp. v. Yorktowne, Inc.*,
    256 F.3d 1308 (Fed. Cir. 2001)..........................................................................................11

*Ericsson Inc. v. Apple Inc.*,
    No. 2:21-cv-00376-JRG, Dkt. No. 291 (E.D. Tex. Nov. 29, 2022)........................................3

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)........................................................................................3, 5

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
    318 F. Supp 1116 (S.D.N.Y. 1970) ............................................................................2, 3, 4, 5

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966) .................................................................................................4

*HTC Corp. v. Tech. Props. Ltd.*,
  No. 5:08-cv-00882-PSG, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013) ...................................5

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  12 F.4th 476 (5th Cir. 2021) .................................................................................1

*HTC Corp. v. Telefonaktiebolaget LM Ericsson*,
  407 F. Supp. 3d 631 (E.D. Tex. May 23, 2019), *aff'd*, 12 F.4th 476 (5th Cir. 2021) .................................................................................................2, 3

*Infernal Tech., LLC v. Sony Interactive Entm't Am., LLC*,
  No. 2:19-cv-248-JRG, Dkt. No. 271 (E.D. Tex. Jan. 19, 2021) ...............................13

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007) .............................................................................................4

*O2 Micro Int'l Ltd v. Beyond Innovation Tech.*,
  No. 2:04-CV-32-CE, 2009 WL 2047617 (E.D. Tex. July 10, 2009) ...................................14

*Peters v. Active Manufacturing Co.*,
  129 U.S. 530 (1889) ...........................................................................................11

*Plazza D'Italia Hotel Assocs., L.L.C. v. Starwood Hotels & Resorts Worldwide, Inc.*,
  No. CIV.A.02-2247, 2004 WL 5482858 (E.D. La. Aug. 5, 2004) .........................................14

*Realtime Data, LLC v. Actian Corp.*,
  No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045 (E.D. Tex. May 4, 2017) .......................14

*ResMan, LLC v. Karya Prop. Mgmt., LLC*,
  No. 4:19-CV-00402, 2020 WL 6271214 (E.D. Tex. Oct. 26, 2020) ...................................11

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
  No. 2:15-CV-349-JRG, 2017 WL 11517123, (E.D. Tex. Mar. 2, 2017) ...................................2

*SSL Servs., LLC v. Citrix Sys., Inc.*,
  No. 2:08-CV-158-JRG, 2012 WL 12906091 (E.D. Tex. May 24, 2012) ...............................4

*TQ Delta, LLC v. CommScope Holding Co., Inc., et al.*,
  No. 2:21-cv-310-JRG, Dkt. No. 542-1, at 29 (E.D. Tex. June 7, 2023) ...................................2

*Wisconsin Alumni Research Found. v. Apple, Inc.*,
  No. 14-CV-062-WMC, 2015 WL 13547000 (W.D. Wis. Sept. 30, 2015) ...............................5

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
522 F.3d 1348, 1363 (Fed. Cir. 2008) ........................................................................ 13

████████████████
██████████████████████████

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
| --- | --- |
| 1. | Excerpts from the Opening Report of Friedhelm Rodermund, dated June 28, 2023 |
| 2. | Excerpts from the Expert Report of Paul K. Meyer (Corrected), dated July 13, 2023 |
| 3. | Excerpts from the Samsung Defendants' Supplemental Fifth Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-12), dated June 23, 2023 |
| 4. | Excerpts from the Deposition Transcript of ████████, taken June 30, 2023 |
| 5. | Excerpts from the Expert Report of Stephen E. Dell, CVA, dated June 28, 2023 |
| 6. | Excerpts from the Deposition Transcript of ████████, taken July 12, 2023 |
| 7. | ████████████████, bearing beginning bates number SAM-GC02873024 |
| 8. | Excerpts from the Expert Rebuttal Report of Paul K. Meyer, dated July 19, 2023 |
| 9. | Excerpts from the Rebuttal Expert Report of Stephen E. Dell, CVA, dated July 19, 2023 |
| 10. | Excerpts from the Opening Expert Report of Dr. Paul Min, dated June 28, 2023 |
| 11. | Excerpts from the ███████████████████████ ████████████ |

██████████████████████████
████████████████████████████████

## I.    MIL NO. 1: SUGGESTION OF "DISCRIMINATION" ███████████████
████████

GComm's request that Samsung should not be permitted to argue that GComm

████████████████████████████████████████

████████████████ "Discrimination"—██████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████ this Court has recognized what a damages expert "may properly do is to analyze [the

patent holder's] reasonable royalty analysis and offer opinions as to whether, from an economic

theory point of view, it has reasonable rates with reasonable terms and conditions that are free of

unfair **discrimination**." *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 221-cv-00430, 2023

WL 5003789, at *2 (E.D. Tex. Aug. 4, 2023) (emphasis added).  In so holding, the Court

explicitly recognized that the "fair," "reasonable," and "non-discriminatory" assessments that a

damages expert may opine on involve separate inquiries: "he will be permitted to opine, based on

economic analysis, on whether the royalty sought by Atlas is a 'reasonable rate' with 'reasonable

terms and conditions' and 'free of unfair discrimination.'" *Atlas*, 2023 WL 5003789 at *2.  And

discrimination is also highly relevant to a reasonable royalty under the *Georgia Pacific* factors.

GComm is also wrong that ETSI policy supposedly makes it inappropriate to submit the

discrimination issue to a jury.  Its cited case actually **affirms** a jury verdict on this issue.  *HTC*

*Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476 (5th Cir. 2021).  Moreover, that case

merely rejected a challenge to the jury instructions; it nowhere suggests a jury should not decide

whether a patentee violated an ETSI FRAND obligation.  *See id.* at 485 (holding it was

unnecessary to import patent damages instructions into a breach of contract case that did not

███████████████████████

█████████████████████████████

involve patent damages, unlike this one).  Further, GComm's argument that a jury cannot decide whether a rate is discriminatory because "FRAND is a contract term that as used by ETSI has no definite meaning," (Mot. at 1) would apply equally to precluding a jury from ever assessing whether a royalty rate was "fair" or "reasonable."  Yet, jurisprudence is replete with examples tasking a jury to evaluate whether a royalty rate—whether offered in negotiations or provided in a damages assessment—is "FRAND," *i.e.*, fair, reasonable, and non-discriminatory.  *See, e.g., HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 636 (E.D. Tex. May 23, 2019), *aff'd*, 12 F.4th 476 (5th Cir. 2021) (describing the breach of FRAND claim tried to the jury).  Indeed, whether a royalty is "FRAND" is a quintessential juror question as is whether a royalty is "reasonable," which is something juries have long decided in patent cases.  Here,

█████████████████████████████████████

███████████████████████████████

In addition to the parties' contract dispute, *Georgia-Pacific* factor 1 requires consideration of "[t]he royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty" for patent damages.  *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp 1116, 1120 (S.D.N.Y. 1970).  In a SEP case, this requires consideration of FRAND even if a breach of contract is not before the jury (unlike this case).  In *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, where the jury was asked to decide patent damages but not a breach of contract claim, the Court held "FRAND issues that relate to damages, including what is a proper FRAND royalty rate, will be presented in the presence of the jury."  No. 2:15-CV-349-JRG, 2017 WL 11517123, at *5 (E.D. Tex. Mar. 2, 2017).  Similarly, in *TQ Delta, LLC v. CommScope Holding Co., Inc., et al.*, which involved both breach

of a FRAND contract and patent damages, the Court instructed the jury that "[w]hen dealing with SEPs, there are two special apportionment issues that arise.  First, the patented features must be apportioned from all of the unpatented features reflected in the standard.  Second, the patentee's royalty must be premised on the value of the patented features, not any value added by the standard's adoption of the patented technology.  **You must make sure that any reasonable royalty determination takes into account TQ Delta's FRAND obligations as the Court has just explained to you.**"  No. 2:21-cv-310-JRG, Dkt. No. 542-1, at 29 (E.D. Tex. June 7, 2023) (emphasis added).  *Ericsson, Inc. v. D-Link Sys., Inc.*, cited by GComm is not to the contrary.  It holds that *Georgia-Pacific* jury instructions must be adjusted for SEPs, but it nowhere says discrimination is irrelevant.  *See* 773 F.3d 1201 (Fed. Cir. 2014).  To the contrary, it holds "Ericsson must offer licenses at a nondiscriminatory rate."  *Id.* at 1231.

Next, GComm's arguments about the merits are inappropriate for resolution on a motion *in limine*.  ETSI's IPR policy and ▮▮▮▮▮▮▮▮▮▮▮▮ are in the record and will enable the jury to decide whether GComm violated its FRAND obligations.  Despite GComm's truncated deposition quotes, Samsung's experts have most certainly offered opinions ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮.  *See, e.g.*, Ex. 1 (Rodermund Op. Rpt.) at ¶¶ 65-90; Ex. 2 (Meyer Op. Rpt.) at ¶¶ 16-19.  GComm's arguments about the comparability of Samsung's cited agreements are likewise for the jury.  *See Ericsson Inc. v. D-Link*, 773 F.3d at 1227 ; *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 640 (E.D. Tex. 2019), *aff'd*, 12 F.4th 476 (5th Cir. 2021); *Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376-JRG, Dkt. No. 291 at 8 (E.D. Tex. Nov. 29, 2022).

████████████████████████████████████
████████████████████████████████████████████

Finally, GComm's argument that Samsung failed to identify "discrimination" in an interrogatory response entirely disregards that Samsung's interrogatory response said ███████ ███████████████████ Ex. 3 (Samsung Fifth Supp. Resp. to GComm 1ˢᵗ Set of ROGs No. 1-12) at 12-15, 33-39.  It is in the literal definition of FRAND—fair, reasonable, **and non-discriminatory**. █████████████████████ also confirms discrimination is part of the acronym. █████████████████

████████████████████████████████████

███████████████

Thus, GComm's MIL No. 1 should be swiftly denied.

## II.    MIL NO. 2: SUGGESTION THAT THE PATENTS IN-SUIT ARE NOT VALUABLE BASED ON G+'S CORPORATE STRUCTURE OR EMPLOYEES

███████████████████████████ Indeed, this Court's Standing Order on Motions *in Limine* states "[u]se of the term 'non-practicing entity' is permitted."  Court MIL No. 11; *see also SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012).  Moreover, GComm's success or lack thereof is relevant to damages.  *Georgia-Pacific* factor 8 examines "[t]he established profitability of the product made under the patent; its commercial success; and its current popularity."  *Georgia-Pacific*, 318 F. Supp. at 1120.  Commercial success or lack thereof is of course an essential part of the obviousness analysis.  *Graham v. John Deere Co.,* 383 U.S. 1, 17–18 (1966); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007); *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1048 (Fed. Cir. 2016).

In addition, many other courts have agreed with this Court that "[u]se of the term 'non-practicing entity' is permitted."  *E.g., Carucel Investments, L.P. v. Novatel Wireless, Inc.*, No.

█████████████████████████████

████████████████████████████████████

16-CV-118-H-KSC, 2017 WL 1215838, at *14 (S.D. Cal. Apr. 3, 2017) ("the Court agrees with Defendants that it is permissible for Defendants to refer to Plaintiff in neutral, factual terms, such as 'non-practicing entity' or 'patent assertion entity'") (citing more cases), *aff'd*, 730 F. App'x 938 (Fed. Cir. 2018); *Wisconsin Alumni Research Found. v. Apple, Inc.*, No. 14-CV-062-WMC, 2015 WL 13547000, at *1 (W.D. Wis. Sept. 30, 2015) ("Apple may offer evidence of WARF's status as a 'non-practicing entity' and argue from that fact during the damages phase of trial"); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) ("Adobe may . . . describe the nature of Digital Reg's business with neutral, strictly factual terms, such as 'patent assertion entity,' a 'company that does not make anything,' a 'company that does not sell anything,' or 'licensing entity.'  Digital Reg's status as a non-practicing entity is relevant to damages and the *Georgia–Pacific* factors.  A neutral description of Digital Reg's status is thus permitted."); *HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-cv-00882-PSG, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (allowing terms such as "non-practicing entity," "patent assertion entity," and related terms).

None of GComm's cited cases are to the contrary; in fact, GComm does not cite a single case holding that NPE status is irrelevant or that the risk of prejudice outweighs this relevance. It cites *Ericsson* for the proposition that the parties' **commercial relationship** may not be relevant for SEPs, but *Ericsson* does not say this about **commercial success** or NPE status.  773 F.3d 1201. ████████████████████████

██████████████████████████████████████

█████████████████████████████████████

████████████████████████

███████████████████████████████████████
██████████████████████████████████████████████████

Finally, GComm switches topics to argue Samsung should not be allowed to argue

GComm and its ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████ GComm

offers no authority supporting exclusion of such critical evidence.

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ This is false. ███████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████ These topics are all entirely permissible as rebuttal evidence.

Thus, GComm's MIL No. 2 should be denied.

## III.    MIL NO. 3: SUGGESTION THAT ███ "TRICKED" OR "MISLED" SAMSUNG

While this GComm motion is supposedly focused on ███ "trickery," GComm's motion

admits at the end it is actually seeking to broadly prohibit Samsung from "referencing the timing

6

of ███████████████████████████████████ and ████████████████

███████ Mot. at 10. ███████████████████████████████

███████████████████████████████████ GComm's overbroad MIL

seeking to shield itself from the undisputed **facts** of ████████████████████

████████████████ to Samsung and must be denied.

### A.    Undisputed Facts

GComm's motion *in limine* does not dispute the facts at the heart of this case.

Specifically, ███████████████████████████

████████████████ █████████████████████████████

███████████████████████████████

████████████████████████████████████

███████████████████████████

████████████████████████████

█████████████████████████████████████

██████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

───────────────────────

█████████████████████████████████████████.

████████████████████

███████████████████████████

████████████████████ ███████████████████

████████████████████████████

███████████████████████████████

███████████

**B.** **The Undisputed Facts of** ███████████ **Are Relevant to Refute G+'s Claims**

Because GComm cannot hide from the undisputed facts, GComm instead tries to restrict Samsung's reliance on these negotiations through this improper MIL. But these facts are relevant to claims and defense of this case and Samsung's presentation of these facts do not unfairly prejudice GComm.

██████████████████████

██████████████████████████

██████████████████████████

████████████████████████

██████████████████████████████

███████████████████████

███████████████████████

███████████████████████████

████████████████████

_____

███████████████████████████

████████████████████████████

███████████████████

10

███████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

█████████████████████

### C.    This Extensive Relevance Outweighs Any Prejudice

"It is well settled that virtually all evidence is prejudicial; otherwise it would not be material and that the requirement is that the prejudice must be unfair." *ResMan, LLC v. Karya Prop. Mgmt., LLC*, No. 4:19-CV-00402, 2020 WL 6271214 at *3 (E.D. Tex. Oct. 26, 2020) (*quoting Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006) and *Dollar v. Long Mfg.*, N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977)).  Even if this evidence potentially prejudices GComm, GComm cannot "demonstrate[] that prejudice to be **substantially outweighing** the evidence's probative value." *ResMan, LLC*, 2020 WL 6271214 at *3.  GComm fails to identify prejudice that "substantially outweighs" the **facts** underlying ████████████████████

████████████████████████████████

Therefore, GComm's MIL No. 3 should be denied.

### IV.    MIL NO. 4: USE OF G+'S NON-FINAL INFRINGEMENT CONTENTIONS TO ARGUE OBVIOUSNESS OR ANTICIPATION, AND CHARACTERIZING PLAINTIFF'S INFRINGEMENT THEORIES AS REQUIRING A FINDING OF INVALIDITY

GComm cannot have its cake and eat it too.  GComm's arguments ignore a fundamental truism of patent law: that which infringes if later, anticipates if earlier.  *Peters v. Active Manufacturing Co.*, 129 U.S. 530, 537 (1889); *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Cir. 2001); *Door–Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001).  Contrary



to GComm's arguments, there is no blanket rule against advancing invalidity opinions in the alternative, based on a plaintiff's application of the claims for purposes of infringement.  In fact, in *01 Communique Lab., Inc., v. Citrix Sys.*, the Federal Circuit specifically blessed such an approach.  889 F.3d 735, 741-743 (Fed. Cir. 2018).  As with *Citrix*,

*with Citrix*, 889 F.3d at 741-742 ("It argued that under the trial court's claim construction claims 24 and 45 were valid, but not infringed, . . . , but that **if Communique attempted to expand the scope of its claims** to include systems in which a location facility merely 'directs' other components, such as the end point computers, to create the communication channel, . . . , **then the claims would be invalid in light of the prior art**, . . . **There was nothing improper about this argument**.").

Importantly, the opinions GComm seeks to exclude, *see* Dkt. No. 323 at 12, are

For example,

paragraph 240 of Dr. Wicker's

Dkt. No. 323-22 (Wicker Op. Rpt.) at ¶ 240.

Similarly, paragraphs 315-319 of Dr. Min's opening report

*See* Ex. 10 (Min Op. Rpt.) at ¶¶ 313-322.  These opinions are not of the type with which the Federal Circuit has taken issue.  *Citrix*, 889 F.3d at 742 ("The

████████████████████████████

██████████████████████████████████

problem with such a defense is that it can potentially allow a defendant to skirt evidentiary hurdles and conflate the infringement and invalidity inquiries.  In essence, an accused infringer forsakes any comparison between the asserted claims and the accused product, relying instead upon purported similarities between the accused product and the prior art.").  Put differently, there is no skirting of evidentiary hurdles and shortcutting invalidity by pointing to the similarities between the accused product and the prior art.  *Id.* As such, the situation here is distinguishable from the situation in the *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008).  *See Citrix* 889 F.3d at 742-743 (distinguishing *Zenith*).

Accordingly, GComm's MIL No. 4 should be denied.

## V.  MIL NO. 5: DISCUSSION OF THE GEOGRAPHICAL LOCATIONS OF THE FACILITIES OF SAMSUNG ████████

There will be no pejorative statements about the geographical location of any witness, party, or third-party.  Samsung will not elicit any testimony ████████████████████

████████████████████████████████████████

████████████—none of the deposition passages it reproduces in its motion were designated to be played at trial.

████████████████████████████████████

████████████████████████████████████

████████  As another example, ████████████████████████████

████████████████████████████████████████

████████████████████████████████

████████  *See Infernal Tech., LLC v. Sony Interactive Entm't Am., LLC*, No. 2:19-cv-248-JRG,

13

████████████████████████████
██████████████████████████████████

Dkt. No. 271 at 154:16-155:10 (E.D. Tex. Jan. 19, 2021) (allowing testimony about the location

of a parties' offices, as long as it is not pejorative because "[t]he facts are the facts"); ████████

████████████████████████████████

 Samsung should similarly be permitted to identify the simple fact that ███████████

███████ The factual location of a company's headquarters is admissible, so long as there is

nothing denigrating about the way it is introduced.  *See, e.g., Realtime Data, LLC v. Actian*

*Corp.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662045, at *2 (E.D. Tex. May 4, 2017)

(denying a MIL as to presenting the facts of office and headquarters' locations); *O2 Micro Int'l*

*Ltd v. Beyond Innovation Tech.*, No. 2:04-CV-32-CE, 2009 WL 2047617 at *1 (E.D. Tex. July

10, 2009) (allowing reference to "the fact that O2 is a Cayman Islands corporation"); *Plazza*

*D'Italia Hotel Assocs., L.L.C. v. Starwood Hotels & Resorts Worldwide, Inc.*, No. CIV.A.02-

2247, 2004 WL 5482858 at 1* (E.D. La. Aug. 5, 2004) (allowing the location of corporate

headquarters as relevant and not "overly prejudicial or misleading to the jury").  Here, moreover,

the jurors are very likely to be aware that Samsung is based on Korea; it is only equitable that

Samsung is allowed to inform the jurors that ████████████████████████

█████████████████

 Samsung also should be permitted to present factual statements about its offices in Texas.

Again, the factual location of a parties' offices is admissible.  GComm is free to cross-examine

Samsung witnesses about the nature of work at these offices, but the fact of their existence is

something Samsung should be permitted to identify to the jury.  *See Realtime Data*, 2017 WL

11662045, at *2 (denying a MIL as to presenting the facts of office and headquarters' locations);

*see also Realtime Data*, No. 6:15-CV-463 RWS-JDL, Dkt. No. 561 at 56:14-59:4 (explaining the

denial of this MIL and instructing a party that "if you want to state where your office, state where your office are").  Further, it would be unfairly prejudicial for GComm to present testimony regarding its Texas office, while precluding Samsung from doing the same.

GComm's MIL #5 should be denied.  Samsung's confirmation ██████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████████████ GComm's request regarding the simple facts of ████████████ and Samsung office locations are admissible and not unduly prejudicial, and thus, should be denied.

15

███████████████████████████

███████████████████████████████████████

Dated: October 2, 2023                    Respectfully submitted,


                                          */s/ Ralph A. Phillips*

                                          Melissa Richards Smith
                                          TX Bar No. 24001351
                                          melissa@gillamsmithlaw.com
                                          GILLAM & SMITH, LLP
                                          303 South Washington Ave.
                                          Marshall, Texas 75670
                                          Telephone: (903) 934-8450
                                          Facsimile: (903) 934-9257

                                          FISH & RICHARDSON P.C.

                                          Ruffin B. Cordell
                                          TX Bar No. 04820550
                                          cordell@fr.com
                                          Michael J. McKeon
                                          DC Bar No. 459780
                                          mckeon@fr.com
                                          Lauren A. Degnan
                                          DC Bar No. 452421
                                          LAD@fr.com
                                          Ralph A. Phillips
                                          DC Bar No. 475571
                                          rphillips@fr.com
                                          Linhong Zhang
                                          DC Bar No. 982341
                                          lwzhang@fr.com
                                          Kenton W. Freeman, Jr.
                                          DC Bar No. 1671507
                                          will.freeman@fr.com
                                          Sun Young Park
                                          NY Bar No. 5412739
                                          apark@fr.com
                                          Julianne Campbell
                                          DC Bar No. 1766159
                                          jcampbell@fr.com
                                          Bryan J. Cannon
                                          DC Bar No. 1723657

                                          16

cannon@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel:  (202) 783-5070
Fax:  (202) 783-2331

Leonard Davis
Texas Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com
1717 Main Street, Suite 5000
Dallas, TX 78766
Tel:  (214) 747-5070
Fax:  (214) 747-2091


John Thornburgh
CA Bar No. 154627
thornburgh@fr.com
Aleksandr Gelberg
CA Bar No. 279989
gelberg@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel (858) 678-5070


*Counsel for Defendants*
*SAMSUNG ELECTRONICS CO., LTD. AND*
*SAMSUNG ELECTRONICS AMERICA, INC.*

## CERTIFICATE OF SERVICE

This is to certify that on October 2, 2023, a true and correct copy of the foregoing instrument was delivered to all counsel of record through the court electronic system.

*/s/ Ralph A. Phillips*
Ralph A. Phillips

18