UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| G+ COMMUNICATIONS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO, LTD,;<br>SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§   Civil. Action No. 2:22-CV-00078 JRG<br>§<br>§   **JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§ |

# G+'S MOTION TO STRIKE PORTIONS
# OF THE REBUTTAL EXPERT REPORT OF STEPHEN WICKER

## TABLE OF CONTENTS

**Page**

I. Belated Claim Construction Opinions Should Be Stricken ...................................................... 1
II. Non-Infringement Opinions Not Disclosed By Samsung During Discovery .......................... 2
III. Opinions Regarding Benefits Not Disclosed By Samsung During Discovery ........................ 4
IV. Irrelevant And/Or Previously Undisclosed Prior Art .............................................................. 6
V. Legal Issues .............................................................................................................................. 8
VI. Alleged Non-Infringing Alternatives ....................................................................................... 9
VII. ▬▬▬▬▬▬▬▬▬ ............................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACS Hosp. Sys. Inc. v. Montegiere Hosp.*,
    732 F.2d 1572 .................................................................................................................. 6

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
    567 F.3d 1314 (Fed. Cir. 2009) ........................................................................................ 8

*EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*,
    766 F.3d 1338 (Fed. Cir. 2014) ........................................................................................ 2

*Maxell, Ltd. v. Apple Inc.*,
    2020 WL 8269548 (E.D. Tex. Nov. 11, 2020) ................................................................. 1

*Maxell, Ltd. v. Apple Inc*
    5-19-cv-00036, Dkt. 599 (E.D.TX. Dec. 17, 2020) .......................................................... 8

*Music Choice v. Stingray Digital Grp., Inc.*,
    2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) ................................................................. 1

*Presonalized Media Ccommunications, LLC, v. Apple, Inc.*,
    Case No. 2:15-cv-01366-JRG-RSP, Dkt. 494 (Feb. 23, 2021) ........................................ 9

*Semcon IP, Inc. v. Mediatek Inc.*,
    2018 WL 4501871 (E.D. Tex. Feb. 28, 2018) ............................................................. 3, 6

*Ultravision Techs., LLC v. GoVision LLC*,
    2021 WL 2144788 (E.D. Tex. May 26, 2021) ................................................................. 1

### I.  <u>Belated Claim Construction Opinions Should Be Stricken</u>

In the following paragraphs of Dr. Wicker's rebuttal report, Samsung puts forth new claim constructions it did not raise, or chose to drop, at the *Markman* stage. "[F]ailure to timely raise ... claim construction arguments should ordinarily result in waiver of the arguments." *Music Choice v. Stingray Digital Grp., Inc.*, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019). Samsung "should have presented [these] dispute[s] to the Court during claim construction and, by failing to do so, has forfeited the argument." *Maxell, Ltd. v. Apple Inc.*, 2020 WL 8269548, at *23 (E.D. Tex. Nov. 11, 2020) (striking portions of expert rebuttal report presenting new claim construction). As an independent basis for exclusion, Dr. Wicker's constructions should also be excluded because they are erroneous. *See Ultravision Techs., LLC v. GoVision LLC*, 2021 WL 2144788, *3 (E.D. Tex. May 26, 2021) (citing *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2016)) ("Incorrect claim construction statements go to the relevance of the expert's opinion, and thus form a basis to exclude an expert's opinion.").

**Paragraph 71**: The asserted claims of the '443 patent recites, in part, "detecting, by a first node, N transmission blocks received from a second node and generating M bits of HARQ information according to a detection result." *See, e.g.*, '443, 16:22-37 (claim 1). Samsung did not offer a construction of this term during claim construction. In his report, Dr. Wicker opines that [REDACTED]

[REDACTED]

Ex. 1 ¶ 71. Dr. Wicker reaches this conclusion about the scope of the claims based solely on ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opining about the meaning of claim terms in light of the specification is claim construction, not plain meaning analysis. ▮▮▮ importation of limitations from the specification is improper even where the disclosures come from the lone embodiment in the specification ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *EPOS Techs. Ltd. v. Pegasus Techs. Ltd.*, 766 F.3d 1338, 1341 (Fed. Cir. 2014) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment— into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.").

A POSITA would understand from the '443 patent disclosures that transmission blocks are received by a node (such as a user device) and the receiving node generates HARQ information to indicate a receiving status of the transmission blocks; the additional limitations Dr. Wicker attempts to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## II. Non-Infringement Opinions Not Disclosed By Samsung During Discovery

G+ Interrogatory No. 6 sought the basis for Samsung's non-infringement defense. Samsung's initial response to this interrogatory simply listed claim limitations and asserted in conclusory fashion that Samsung's products do not satisfy them. *See* Ex. 8 (Samsung's Fifth Supplemental Responses to G+ First Set Interrogatories) at 29. Samsung provided no explanation, and this response provides no basis for expert opinions of non-infringement. At the close of fact discovery, Samsung provided a ninety page appendix ("Samsung Appendix B") with noninfringement analysis. *See* Ex. 2. Samsung's experts should be limited to non-infringement opinions disclosed in the Samsung Appendix B.

In the following paragraphs, Dr. Wicker opines on non-infringement based on arguments Samsung failed to disclose during discovery. Each of these undisclosed opinions should be struck. *See Semcon IP, Inc. v. Mediatek Inc.*, 2018 WL 4501871, *5 (E.D. Tex. Feb. 28, 2018) (striking expert opinion based on material not disclosed in discovery response).

**Paragraphs 73-79, 103-107, 123-124**: Dr. Wicker argues that the accused products fail to satisfy the '443 Patent limitation ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dr. Wicker argues that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ However, Samsung failed to disclose this argument during discovery. In Samsung Appendix B, the only argument raised about this claim element is that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 2 (Samsung Appendix B) at 74.

**Paragraphs 80-84, 108-110**: Dr. Wicker argues that the accused products fail to satisfy the '443 Patent limitation ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dr. Wicker argues that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ However, Samsung failed to disclose this argument during discovery. In Samsung Appendix B, the only argument raised about this claim element is that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 2 (Samsung Appendix B) at 74.

**Paragraphs 209-234, 252-261, 264**: Dr. Wicker argues that the accused products fail to satisfy various limitations of the '881 Patent. Ex. 1 ¶¶ 209-234, 252-261, 264. None of these arguments from Dr. Wicker was disclosed during discovery. In Samsung Appendix B, the only argument raised about the claims of the '881 patent was that ███████████████████████████████████████ ███████████████████████████ Ex. 2 (Samsung Appendix B) at 46. Each of the undisclosed arguments from Dr. Wicker should be struck.

### III. Opinions Regarding Benefits Not Disclosed By Samsung During Discovery

G+ put Samsung on notice during discovery that it intended to seek damages based on the technical benefits attributed to the asserted claims as implemented in the accused products. In response to Samsung's Interrogatory No. 10 ███████████████████████████████████████████████████████████████████████████████████████████████████████

G+ explained:

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Ex. 3 (G+ Fourth Supplemental Responses to Samsung First Set of Interrogatories) at 27-28.

G+ Interrogatory No. 20 asked Samsung to ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ In its response, ███████████████████████████████████████████████████████████████████████. Ex. 4 at 26 (Samsung's First Supplemental Responses to G+ 3rd Set of Interrogatories). Samsung responded

that ▮

▮

▮

▮ *Id.* at 27.  Samsung provided ▮

▮



*Id.* at 28-29.

G+ also served a 30(b)(6) notice on Samsung that requested information about the benefits related to Samsung's use of the asserted claims.  Ex. 5 (G+ First Amended 30(b)(6) Notice), topic 91 ▮

▮  Samsung designated ▮ on topic 91. Ex. 6 (Monday, June 12, 2023 4:58 AM email from Freeman).  ▮ did not provide any information on this topic, and made clear during his deposition that ▮

▮.  Ex. 7 ▮ 8:14-9:4; 15:3-11; 15:19-16:11; 18:13-22; 20:8-22:1; 25:25-26:10 (only preparation to testify involved ▮

▮); 29:16-23 (nothing additional to prepare for topic 91); 32:4-11 (unable to answer whether the accused products ▮

▮); 101:6-102:22 (admitting he doesn't ▮

▮

▮).

In the following paragraphs, Dr. Wicker opines on ▮

▮ in a manner that Samsung failed to disclose during discovery.  These undisclosed opinions

- 5 -

should be struck. *See Semcon IP, Inc. v. Mediatek Inc.*, 2018 WL 4501871, *5 (E.D. Tex. Feb. 28, 2018) (striking expert opinion based on material not disclosed in discovery response).

**Paragraphs 151, 155**: In these paragraphs, Dr. Wicker alleges that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Samsung never took the position during discovery that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**Paragraph 46**: In this paragraph, Dr. Wicker attempts to define the scope of the invention in reference to the specification. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Only the claims define the scope of the invention. Second, Samsung never alleged during discovery that the inventions have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

### IV. Irrelevant And/Or Previously Undisclosed Prior Art

In the following paragraphs, Dr. Wicker opines that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Infringement is focused solely on a comparison of the claims as construed to the accused product. *ACS Hosp. Sys. Inc. v. Montegiere Hosp.*, 732 F.2d 1572 at 1578 ("[I]nfringement is determined on the basis of the claims."). To the extent Dr. Wicker purports to analyze ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ Further, Samsung did not identify any of the prior art references discussed below in response to G+ Interrogatory No. 20, which sought Samsung's basis for calculating damages in this case. Thus, Dr. Wicker's opinions discussed below should be excluded.

**Paragraphs 87-89, 91, 93**: Dr. Wicker argues the accused products do not infringe the asserted claims of the '443 patent because ███

**Paragraphs 49, 53, 57-58**: Dr. Wicker argues that ███

These opinions that certain claim elements were allegedly known based on undisclosed prior art references are confusing and prejudicial

- 7 -

**Paragraphs 158, 173, 284, and 289**: Dr. Wicker argues that the features Dr. Kowalski allegedly identifies in the '881 patent as novel ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ were not identified by Samsung as prior art or as non-infirnging alternatives during discovery. Prosecution History And Claim Amendments Not Relevant To Infringement

**Paragraphs 30-33, 164-169**: Dr. Wicker summarizes ███████████████████ ████████████████████████████████████████████. This has no bearing on any issue on which Dr. Wicker opines. The claims as granted stand on their own, and any arguments about ████████████████████████████ at most go to issues of law for the Court such as claim construction, not any issues for the jury. Thus, this discussion of ████████ ████ should by struck.

## V.  Legal Issues

"[E]nsnarement, like prosecution history estoppel, is a legal limitation on the doctrine of equivalents to be decided by the court, not a jury." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1322 (Fed. Cir. 2009); *Maxell, Ltd. v. Apple Inc* 5-19-cv-00036, Dkt. 599 at 63 (E.D.TX. Dec. 17, 2020) ("The Court has not yet answered whether prosecution history estoppel applies here because

Apple did not move for summary judgment on that ground. As such, Maxell—through [its expert]—is entitled to present its DOE theories to the jury.").

**Paragraphs 293-298**: Dr. Wicker argues ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These arguments go to purely legal issues that should not be presented to the jury.

## VI.   Alleged Non-Infringing Alternatives

"An acceptable non-infringing substitute need not be on the market at the time of infringement; however, it must be either available *or* on the market at the time of infringement." *Presonalized Media Ccommunications, LLC, v. Apple, Inc.*, Case No. 2:15-cv-01366-JRG-RSP, Dkt. 494 at 2 (Feb. 23, 2021) (citing *Grain Processing Corp. v. Am. Maize–Prods. Co.*, 185 F.3d 1341, 1349 (Fed.Cir.1999)).

**Paragraphs 144-149; 283-285**: Dr. Wicker argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Wicker never alleges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Absent such an analysis, Dr. Wicker's opinions are not admissible and should be struck.

Further, the reference in paragraph 284 to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was not disclosed during discovery and should be struck on that basis.

## VII.   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Paragraph 312**: Dr. Wicker argues that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████
████████████.

G+ served multiple interrogatories on Samsung seeking information regarding licenses that Samsung contended were comparable and relevant to the determination of a FRAND royalty. For example, Interrogatory No. 2 sought: ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████

Ex. 8 (Samsung's Fifth Supplemental Responses to G+ First Set of Interrogatories) at 14. At no point, and nowhere during discovery, did Samsung identify ██████████████████████████ ████ There is no basis why Samsung could not have done so, given that ████████████ ████████████████████████████████████████. ████████████████████████████ ████████████████████████ on until May 26, 2023, a month before the close of fact discovery. ██████████████████████████████████ duirng discovery requires that this discussion in Dr. Wicker's report be stricken.

Dated: August 7, 2023

Respectfully Submitted,

/s/ *Michael D. Harbour*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com

        **MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Scott W. Breedlove
Texas State Bar No. 00790361
sbreedlove@carterarnett.com
Joshua J. Bennett
Texas State Bar No. 24059444
jbennett@carterarnett.com
Bradley D. Liddle
Texas State Bar No. 24074599
bliddle@carterarnett.com
Theresa M. Dawson
Texas State Bar No. 24065128
tdawson@carterarnett.com
Michael Pomeroy
Texas State Bar No. 24098952
mpomeroy@carterarnett.com

**CARTER ARNETT PLLC**
8150 N. Central Expressway
5th Floor
Dallas, Texas 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

Jason Sheasby
California State Bar No. 205455
jsheasby@irell.com
Michael Harbour
California State Bar No. 298185
mharbour@irell.com
Benjamin Manzin-Monnin
California State Bar No. 325381
bmonnin@irell.com

**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**ATTORNEYS FOR PLAINTIFF G+ COMMUNICATIONS, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendants' Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. regarding the relief sought in this Motion on August 4, 2023. Defendants' counsel advised that they oppose the relief sought.

*/s/ Michael D. Harbour*
Michael D. Harbour

## CERTIFICATE OF FILING UNDER SEAL

Plaintiff G+ Communications, LLC hereby files its Certificate of Authorization to File its Motion to Compel Under Seal per Local Rule CV-5(a)(7)(A). The undersigned counsel for Plaintiff hereby certifies that the court has already granted authorization to seal the document set forth in Paragraph 18 of the Agreed Protective Order entered in this action [Dkt 39].

*/s/ Michael D. Harbour*
Michael D. Harbour

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I e-mailed the foregoing to Defendants' counsel of record.

*/s/ Michael D. Harbour*
Michael D. Harbour
