**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00078-JRG |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | ███████████ |
| SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT FINAL PRE-TRIAL ORDER[1]

This cause came before the court at a pre-trial management conference held on October 16,

2023 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

### A.   COUNSEL FOR THE PARTIES

#### 1.   Plaintiff – G+ Communications, LLC

| | |
|---|---|
| Jason Sheasby | Samuel F. Baxter |
| California State Bar No. 205455 | Texas State Bar No. 01938000 |
| jsheasby@irell.com | sbaxter@mckoolsmith.com |
| Michael Harbour | Jennifer L. Truelove |
| California State Bar No. 298185 | Texas State Bar No. 24012906 |
| mharbour@irell.com | jtruelove@mckoolsmith.com |
| Benjamin Manzin-Monnin | MCKOOL SMITH, P.C. |
| California State Bar No. 325381 | 104 E. Houston Street, Suite 300 |
| bmonnin@irell.com | Marshall, Texas 75670 |
| IRELL & MANELLA LLP | Telephone: (903) 923-9000 |
| 1800 Avenue of the Stars, Suite 900 | Facsimile: (903) 923-9099 |
| Los Angeles, CA 90067 | |

---

[1] Submissions which are agreed to by both G+ and Samsung are not highlighted.  Submissions proposed by G+ that are not agreed to by Samsung are highlighted in green.  Submissions proposed by Samsung that are not agreed to by G+ are highlighted in yellow.  The parties have entered their objections, explanations, citations, and commentary in footnotes only.

| | |
|---|---|
| Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br><br>Scott W. Breedlove<br>Texas State Bar No. 00790361<br>sbreedlove@carterarnett.com<br>Joshua J. Bennett<br>Texas State Bar No. 24059444<br>jbennett@carterarnett.com<br>Bradley D. Liddle<br>Texas State Bar No. 24074599<br>bliddle@carterarnett.com<br>Theresa M. Dawson<br>Texas State Bar No. 24065128<br>tdawson@carterarnett.com<br>Michael Pomeroy<br>Texas State Bar No. 24098952<br>mpomeroy@carterarnett.com<br>CARTER ARNETT PLLC<br>8150 N. Central Expressway 5th Floor<br>Dallas, Texas 75206<br>Telephone: (214) 550-8188<br>Facsimile: (214) 550-8185 | |

2. **Defendants – Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (collectively, "Samsung")**

| | |
|---|---|
| Ruffin B. Cordell<br>TX Bar No. 04820550<br>cordell@fr.com<br>Michael J. McKeon<br>DC Bar No. 459780<br>mckeon@fr.com<br>Lauren A. Degnan<br>DC 452421<br>degnan@fr.com<br>Ralph A. Phillips<br>DC Bar No. 475571<br>rphillips@fr.com<br>Linhong Zhang<br>DC Bar No. 982341<br>lwzhang@fr.com<br>Kenton W. Freeman, Jr.<br>DC Bar No. 1671507<br>will.freeman@fr.com<br>Sun Young Park | Melissa Richards Smith<br>TX Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257 |

NY Bar No. 5412739
apark@fr.com
Bryan J. Cannon
DC Bar No. 1723657
cannon@fr.com
Julianne Campbell
DC Bar No. 1766159
jcampbell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Leonard Davis
Texas Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Rodeen Talebi
Texas Bar No. 24103958
talebi@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 78766
Tel (214) 747-5070
Fax (214) 747-2091

John Thornburgh
CA Bar No. 154627
thornburgh@fr.com
Alex Gelberg
CA Bar No. 279989
gelberg@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel (858) 678-5070

## B.      STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et

seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a).  For the purposes of this action only, the parties do not contest that this Court has personal

jurisdiction over all parties.  Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## C.     NATURE OF ACTION

### 1.     G+'s Statement

This is a patent infringement case arising under the patent laws of the United States.  G+ alleges that Samsung infringes claims 1-3 of U.S. Patent No. 8,761,776 (the '776 Patent); claims 1-5, 7-9, 14, and 20 of U.S. Patent No. 10,736,130 (the '130 Patent); claims 1-2, 6, 8-11, 15, and 17-18 of U.S. Patent No. 10,594,443 (the '443 Patent); and claims 1, 3-10, and 12-14 of U.S. Patent No. 9,184,881 (the '881 Patent). G+ alleges that Samsung's infringement is willful and seeks money damages, as well as all equitable relief.

### 2.     Samsung's Statement

G+'s claims are without merit.  G+ alleges infringement of claims 1-3 the '776 Patent; claims 1-5, 7-9, 14, and 20 of the '130 Patent; claims 1-2, 6, 8-11, 15, and 17-18 of U.S. the '443 Patent; and claims 1, 3-10, and 12-14 of the '881 Patent against Defendants.  Samsung does not infringe any asserted claim of the Patents-in-Suit.  Moreover, Samsung's alleged infringement of the Patents-in-Suit has not been, and is not, willful.  Further, all asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 and/or 102 and/or 103, and the following claims of the Patents-in-Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 112: all asserted claims of the '130 and '881 patents.  All asserted claims of the Patents-in-Suit are unenforceable due to unclean hands and related misconduct because G+ violated its FRAND obligations, failed to make FRAND offers, and failed to negotiate in good faith.

Samsung has a breach of contract claim against G+.[2]  G+ breached its contractual obligation pursuant to G+'s contract with European Telecommunications Standards Institute ("ETSI"), of which Samsung is a third-party beneficiary, by failing to offer Samsung a license to the asserted patents on fair, reasonable, and non-discriminatory ("FRAND") terms and by failing to negotiate a license in good faith. Samsung seeks money damages, as well as all equitable relief.

G+ is not entitled to any relief, including monetary damages or equitable relief (which G+ has failed to properly plead and, therefore, waived).  G+ is not entitled to enhanced damages, and

---

[2] G+: Samsung's breach of contract claim should be denied as a matter of law, or in the alternative, must be tried to the Court.  *See, e.g.,* Dkt. 228 (G+ Motion for Summary Judgment).

Samsung's breach of FRAND claims involve contract interpretation issues that should be decided by the Court. *See, e.g., Evolved Wireless, LLC v. Apple, Inc.,* No. CV 15-542-JFB-SRF, 2019 WL 831112, at *9 (D. Del. Feb. 21, 2019) ("In the Proposed Pretrial Order in the *Apple* case, Apple proposes that the claims involving … breach of the FRAND obligations should be tried to the Court. ... The Court agrees. All of those claims require construction of contracts and are matters for the Court to determine as a matter of law. Infringement and invalidity should be tried to the jury … Interpretation of the terms of the various ETSI Intellectual Rights Policies, standards, and specifications at issue in connection with the FRAND obligation are also matters of law for the Court to determine. … Any potential recovery of attorney fees as damages need not be addressed at this time.").  Damages for breach of FRAND is also not a jury question.  *See, e.g., Evolved Wireless, LLC v. Apple, Inc.,* No. CV 15-542-JFB-SRF, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019) ("damages for a breach of FRAND obligations are equitable in nature (as analogous to equitable damages for bad faith), the determination is a matter for resolution by the Court.").

Samsung: Samsung's breach of contract claim should be presented to the jury in view of this Court's precedent.  Specifically, this Court has allowed breach claims regarding good faith negotiations and FRAND obligations related to ETSI to be tried to a jury, which was affirmed by the Fifth Circuit. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 636-37 (E.D. Tex. 2019), aff'd, 12 F.4th 476 (5th Cir. 2021) ("After deliberating, the jury returned a verdict on February 15, 2019, finding that (1) HTC had not shown by a preponderance of the evidence that Ericsson breached its contractual obligation to offer HTC a license, on FRAND terms, to Ericsson's cellular SEPs; (2) that HTC had proven by a preponderance of the evidence that Ericsson had breached its duty of good faith in carrying out its contractual obligation to negotiate with HTC for a license to Ericsson's cellular SEPs; and (3) that Ericsson had proven by a preponderance of the evidence that HTC had breached its duty to negotiate with Ericsson in good faith for a license to Ericsson's cellular SEPs.").  Moreover, for the reasons outlined in Samsung's response, G+'s Motion for Summary Judgment should be denied.  *See* Dkt. No. 243.

this case is not an exceptional one entitling G+ to its attorneys' fees and costs.  Samsung, however, is entitled to damages for G+'s breach of its contract with ETSI by G+ not offering licenses for patents declared essential on FRAND terms and conditions and by G+ not negotiating in good faith.  Further, Samsung is entitled to recovery of its attorneys' fees under 35 U.S.C. § 285, as well as its costs, and any other relief the Court deems appropriate because this is an exceptional case against G+.

## D.    CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

### 1.    G+'s Contentions

1.    G+ provides the following contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by G+'s experts.  By providing these contentions, G+ does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike.

2.    G+ contends that Samsung infringes claims 1-3 of the '776 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Samsung 5G enabled products and any Samsung products that operate in the same manner in material parts.

3.    G+ contends that Samsung infringes claims 1-5, 7-9, 14, and 20 of the '130 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Samsung 5G enabled products and any other Samsung Products that operate in the same manner in material parts.

4.    G+ contends that Samsung infringes claims 1-2, 6, 8-11, 15, and 17-18 of the '443 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making,

using, selling, offering to sell and/or importing into the United States Samsung 5G enabled products  and any other Samsung Products that operate in the same manner in material parts.

5.      G+ contends that Samsung infringes claims 1, 3-10, and 12-14 of the '881 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States Samsung 5G enabled products and any Samsung products that operate in the same manner in material parts.

6.      G+ contends that Samsung indirectly infringes the asserted claims of the '776, '130, '443, and '881 Patents under 35 U.S.C. § 271(b) including by knowingly encouraging or aiding third parties to make, use, sell or offer to sell Samsung accused products in the United States, or to import Samsung accused products into the United States, and/or by supplying or causing to be supplied Samsung accused products in or from the United States, without license or authority from G+, with knowledge of or willful blindness to the fact that Samsung's actions will induce others to directly infringe the G+ Patents-in-Suit. G+ also contends that Samsung is contributorily infringing the asserted claims of the G+ Patents-in-Suit in violation of 35 U.S.C. § 271(c), by selling, offering to sell, and/or importing into the United States, and/or in violation of 35 U.S.C. § 271(f)(2), by supplying or causing to be supplied in or from the United States, Samsung accused products for use in infringing the G+ Patents-in-Suit, constituting a material part of the invention, knowing Samsung accused products to be especially made or especially adapted for use in infringing the G+ Patents-in-Suit.  None of the Samsung accused products is a staple article or commodity of commerce suitable for substantial non-infringing use.

7.      G+ contends that Samsung's infringement of the G+ Patents-in-Suit is willful.

8.      G+ contends that it has been damaged by Samsung's infringement of the G+ Patents-in-Suit, and is entitled to no less than a reasonable royalty under 35 U.S.C. §284.

9.      G+ contends that it is entitled to enhanced damages and reasonable costs.

10.     G+ contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

11.     G+ contends that it is the valid, presumptive assignee of the G+ Patents-in-Suit and all rights thereto, including the right to claim damages for infringement.

12.     G+ contends that the Patents-in-Suit are entitled to the priority date claimed by G+.

13.     G+ contends that the claims of the G+ Patents-in-Suit are not invalid for any reason, including under Sections 101, 102, 103, and 112 of the Patent Act.

14.     G+ contends that the claims of the G+ Patents-in-Suit are not unenforceable for any reason, including based on any legal or equitable theory asserted by Samsung.

15.     G+ contends that its damages for Samsung's infringement of the G+ Patents-in-Suit are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Samsung.

16.      G+ contends that Samsung is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

17.     G+ contends that it is entitled to pre-judgment and post-judgment interest.

18.     G+ contends that it is entitled to no less than a reasonable royalty in the form of a one-time lump sum for all past and future infringement of its patents.

19.     G+ contends that none of the Samsung accused products using Qualcomm processors are licensed under the asserted patents.

20.     G+ contends that G+ substantially comply with the marking requirement under 35

U.S.C § 287 and that Samsung has waived any such defense.[3]

21.    G+ contends that G+ provided actual notice of infringement of each of the asserted patents prior to the filing of its Complaint.

22.    G+ contends that each of the asserted patents is entitled to the following priority dates under at least 35 U.S.C. § 119(a):

'776 patent: September 19, 2008;

'130 patent: March 31, 2016;

'443 patent: July 31, 2015;

'881 patent: April 25, 2008.

23.    G+ contends that it satisfied its FRAND obligations by negotiating in good faith and by making an offer on FRAND terms.

24.    G+ contends that Samsung has breached its duty of good faith in negotiations with G+.[4]

---

[3] G+: G+ has moved to strike Samsung's alleged notice under *Arctic Cat*, as explained in its motion to strike.  *See, e.g.,* *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017 ("an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287."); *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 222CV00126JRGRSP, 2022 WL 18046695, at *3 (E.D. Tex. Sept. 20, 2022) (FRCP 26 "requires 'immediate' supplementation if a party knows a disclosure is incomplete or incorrect"); *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022) (holding Samsung failed to satisfy its burden of production under *Arctic Cat* where allegedly unmarked products were not identified until the end of fact discovery).

[4] G+ contends there should be no FRAND issues from either party raised at trial.  *See, e.g.,* Dkt. 228 (G+ Motion for Summary Judgment).

Samsung's breach of FRAND claims involve contract interpretation issues that should be decided by the Court. *See, e.g., Evolved Wireless, LLC v. Apple, Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 831112, at *9 (D. Del. Feb. 21, 2019) ("In the Proposed Pretrial Order in the *Apple* case, Apple proposes that the claims involving … breach of the FRAND obligations should be tried to the Court. ... The Court agrees. All of those claims require construction of contracts and are matters for the Court to determine as a matter of law. Infringement and invalidity should be tried to the jury … Interpretation of the terms of the various ETSI Intellectual Rights Policies, standards, and specifications at issue in connection with the FRAND

25.     G+ contends that G+ has discharged its duties under FRAND.

26.     G+ contends that G+ has satisfied its obligations under FRAND by negotiating in good faith and by making offers on FRAND terms.

27.     G+ contends that G+ has no remaining obligations to Samsung related to FRAND.

28.     G+ contends that Samsung breached its contractual obligation to adequately reward G+ for the Asserted Patents pursuant to the ETSI IPR Policy.

29.     G+ contends that Samsung has ██████████████████████████████ ████████████ .

30.     G+ contends that Samsung ████████████████████████████ through Samsung's knowingly false and fraudulent misrepresentations.

31.     G+ contends that Samsung has breached its obligation to negotiate in good faith with G+.

---

obligation are also matters of law for the Court to determine. … Any potential recovery of attorney fees as damages need not be addressed at this time."). Damages for breach of FRAND is also not a jury question. *See, e.g., Evolved Wireless, LLC v. Apple, Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 831112, at *7 (D. Del. Feb. 21, 2019) ("damages for a breach of FRAND obligations are equitable in nature (as analogous to equitable damages for bad faith), the determination is a matter for resolution by the Court.").

To the extent the Court determines FRAND issues are admissible at trial, G+ includes its contentions related to these issues herein.

Samsung: Samsung's breach of contract claim should be presented to the jury in view of this Court's precedent. Specifically, this Court has allowed breach claims regarding good faith negotiations and FRAND obligations related to ETSI to be tried to a jury, which was affirmed by the Fifth Circuit. *See HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 407 F. Supp. 3d 631, 636-37 (E.D. Tex. 2019), aff'd, 12 F.4th 476 (5th Cir. 2021) ("After deliberating, the jury returned a verdict on February 15, 2019, finding that (1) HTC had not shown by a preponderance of the evidence that Ericsson breached its contractual obligation to offer HTC a license, on FRAND terms, to Ericsson's cellular SEPs; (2) that HTC had proven by a preponderance of the evidence that Ericsson had breached its duty of good faith in carrying out its contractual obligation to negotiate with HTC for a license to Ericsson's cellular SEPs; and (3) that Ericsson had proven by a preponderance of the evidence that HTC had breached its duty to negotiate with Ericsson in good faith for a license to Ericsson's cellular SEPs."). Moreover, for the reasons outlined in Samsung's response, G+'s Motion for Summary Judgment should be denied. *See* Dkt. No. 243

32.     G+ contends G+ is entitled to declaratory judgment that Samsung has breached its obligation to negotiate in good faith with G+.

33.     G+ contends that G+ has not breached its FRAND commitment.

34.     G+ contends G+ is entitled to declaratory judgment that G+ has not breached its FRAND commitment.

35.     G+ contends Samsung has been unjustly enriched.

36.     G+ seeks all equitable relief from the Court that is just and proper.

**2.      Samsung's Contentions**

1.      Samsung provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts.  By providing these contentions, Samsung does not waive any of its motions *in limine*, motions for summary judgment, *Daubert* motions, or motions to strike.

2.      Samsung contends that it has not infringed any asserted claim of the Patents-in-Suit whether literally or under the doctrine of equivalents.

3.      Samsung contends that it does not indirectly infringe the asserted claims of the Patents-in-Suit under 35 U.S.C. § 271(b) and U.S.C. § 271(c).

4.      Samsung contends that G+ has waived its right to assert infringement under 35 U.S.C. § 271(f)(2) by not asserting this claim in its complaint and not sufficiently alleging this claim in its infringement contentions and expert reports.  To the extent G+ is permitted to advance this untimely theory, Samsung also contends that it does not infringe the asserted claims of the Patents-in-Suit under 35 U.S.C. § 271(f)(2).

5.      Samsung contends that G+'s infringement allegations for all the asserted claims are limited by prosecution history estoppel.

6.      Samsung contends that the following claims of the Patents-in-Suit are invalid as

patent-ineligible subject matter under 35 U.S.C. § 101: the asserted claims of the '776, '443, and '881 patents.

7.      Samsung contends that the following claims of the Patents-in-Suit are invalid as anticipated under 35 U.S.C. § 102: claims 1-3 of the '776 patent, claims 1-2, 6, 8-11, 15, and 17-18 of the '443 patent, and claims 1, 6, 8, and 9 of the '881 patent.

8.      Samsung contends that all asserted claims the Patents-in-Suit are invalid as obvious under 35 U.S.C. § 103.

9.      Samsung contends that the following claims of the Patents-in-Suit are invalid based on lack of written description and enablement under 35 U.S.C. § 112: all asserted claims of the '130 and '881 patents.

10.      Samsung contends that all asserted claims are unenforceable due to unclean hands and related misconduct because G+ violated its FRAND obligations, failed to make FRAND offers, and failed to negotiate in good faith.

11.      Samsung contends that all asserted claims are unenforceable against accused products using Qualcomm processors due to license and exhaustion.  Most accused products in this case use Qualcomm baseband processors, and these processors lie at the heart of G+'s infringement contentions for these products.

12.      Samsung contends that the following claims of the Patents-in-Suit are not entitled to the priority date claimed by G+: all asserted claims of the '130 patent.

13.      Samsung denies that G+ has been damaged by Samsung's alleged infringement, and contends G+ is not entitled to any monetary damages under any theory, including a reasonable royalty theory, and G+ is not entitled to pre- and/or post-judgment interest.

14.      Samsung contends that its alleged infringement of the Patents-in-Suit has not been,

and is not, willful.

15.     Samsung contends G+ is not entitled to enhanced damages under 35 U.S.C. § 284.

16.     Samsung contends G+ is not entitled to any attorneys' fees or costs under 35 U.S.C. § 285.

17.     Samsung contends G+ did not substantially comply with the marking requirement under 35 U.S.C § 287.

18.     Samsung contends G+ did not provide actual notice of infringement of the '881 and '776 patents prior to the filing of its Complaint.

19.     Samsung contends G+ is not entitled to any equitable belief, and G+ has not properly pled any claim for equitable relief, including an injunction.

20.     Samsung contends this is an exceptional case as to G+, and Samsung is entitled to its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

21.     Samsung contends it is entitled to damages for G+'s breach of its contract with ETSI by G+ not offering licenses for patents declared essential on FRAND terms and conditions and by G+ not negotiating in good faith.

22.     Samsung contends that G+ has failed to act in good faith, failed to deal fairly, and breached its FRAND commitment.

23.     Samsung contends that G+ has breached its obligation to negotiate in good faith with Samsung.

24.     Samsung contends that G+'s delay in ████████████████ violated its FRAND commitment.

25.     Samsung contends that G+'s preemptive filing of this lawsuit before substantive

licensing negotiations began violated G+'s FRAND commitment.

26.      Samsung contends that ████████████████████████████████
████████████████████████████████████

27.      Samsung contends that ████████████████████████████████
████████████

28.      Samsung contends that Samsung has not breached commitments (if any) to ETSI or G+.

29.      Samsung contends that it has not breached any obligation to adequately reward G+ for the Asserted Patents, which is not even the proper standard under any ETSI commitment.

30.      Samsung contends that Samsung negotiated in good faith and dealt fairly with G+.

31.      Samsung contends that Samsung has not ██████████████████████
████████████████████████████████████████
████████████████████

32.      Samsung contends that Samsung asked G+ ███████████████████████
████████████████████████████████ and did not make any misrepresentations.

33.      Samsung contends G+ has not been unjustly enriched as it relates to any issue properly in this case including those related to ETSI ████████████████████. Samsung contends that it has not acted in bad faith (which is not even the proper standard under FRAND analysis) and that it has not participated in hold out and or has lost its right to claim any benefit of a FRAND commitment.  Indeed, ZTE/G+ FRAND commitments are expressly irrevocable and cannot be lost.   Samsung contends that G+ is not entitled to declaratory judgment that Samsung has breached its obligation to negotiate in good faith with G+.

**E.**     **STIPULATIONS AND UNCONTESTED FACTS**

**1.**     **Stipulations**

(1)     The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

(2)     The parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

(3)     The jurors shall be permitted to take handwritten notes during the presentations of the parties.

(4)     [The Parties will disclose their good faith lists of witnesses they will actually call live at trial 5 days before trial is scheduled to begin.] / [As discussed *infra*, the parties have already agreed upon the timing to identify witnesses as either live or by deposition—namely, by 6:30 p.m. CT [three][two] calendar days prior to the date the party intends to call the witness.  No further limitations on such disclosure are required.]

(5)     The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.  The parties otherwise reserve all rights to object to any demonstrative exhibit.

(6)     [For purposes of Federal Rule of Evidence 901, the parties agree, that all documents produced by G+ or Samsung and appearing on their face to have originated from, or kept in the ordinary course of business by G+ or Samsung, respectively, are authentic.  The parties otherwise

==reserve all rights with respect to the admissibility of such documents.==][5]

(7)    The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

(8)    Neither parties' exhibit list nor any portion thereof is admissible or may be presented to the jury without leave of Court.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

(9)    Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of the originals.

(10)    Each party shall provide by no later than 6:30 p.m. CT each day a copy of all demonstratives they plan to use the following day in the direct examination of a witness.  The receiving party shall provide objections to such demonstratives by 8:00 p.m. CT that same day, and shall meet and confer on any objections promptly at 8:45 p.m. CT. [==To the extent that disputes remain, lead counsel shall meet and confer at 11:00 p.m. CT.==][6,7]  The term "demonstrative"

---

[5] G+: G+ does not agree to this proposal.

[6] G+: G+ objects to this requirement.  There is no reason to require a lead to lead meet and confer daily during trial. G+ counsel will ensure that individuals knowledgeable about each dispute and with authority to resolve disputes are available for daily meet and confer, as is standard practice in this Court. To the extent the Court is inclined to consider Samsung's request, G+ requests a 5:00am lead-to-lead meet and confer to allow the opportunity for other team members to resolve disputes before involving lead counsel with disputes that have not yet reached an impasse.  This is a transparent litigation tactic.  Lead counsel for G+ wakes up at 3AM on trial days.  The entire purpose of this proposal is make G+'s lead counsel exhausted.

[7] *Samsung:*  Samsung objects to G+'s proposal that no meet and confer occur with lead counsel between 8:45 p.m. and 5:00 a.m.  The purpose of Samsung's proposal is to ensure that the parties continue to meaningfully meet and confer after the nightly email to the Court identifying

includes power-points, graphics and animation demonstratives, but does not include scans of exhibits or trial transcripts from this case in which there are not call outs, emphasis, characterization, or argument.  A party shall [not] be entitled to use as a demonstrative the text of deposition testimony that has been designated for playing [before the jury even though the designation has not yet been played as long as in good faith the party intends to play the designation].  [If deposition testimony is presented in court, thereafter, the parties may quote or excerpt only the official trial transcript and not the deposition transcript.]  The parties do not need to exchange copies of demonstrative exhibits to be used only during cross-examination.

(11)    Demonstratives for opening arguments shall be exchanged by 12:00 p.m. CT the day before opening; each party shall provide objections by 4:00 p.m. CT and shall meet-and-confer on any objections at 5:00 p.m. CT.  [Demonstratives must be numbered, exchanged in the order that the party intends to use them, and may not be renumbered after they are exchanged.]  The Parties [shall][need not] exchange closing demonstratives [by no later than 9:00 p.m. CT the day before closing].  Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.  [A party may not show deposition testimony of its own employees or witnesses during opening statements.]

(12)    The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit if appropriate, evidence following use of the evidence, to the extent not

---

disputes is sent.  In previous cases, G+'s counsel delayed providing substantial, substantive revisions to the joint submission to the Court until less than two hours before the joint submission was due to the Court, which prevented Samsung's counsel from responding in time for Samsung's position to be included in the joint submission and, in some cases, the joint submission being untimely delivered to the Court.  Samsung's proposal increases the likelihood that only withdrawal of disputes occur in the morning before the binders are delivered and substantive changes to the parties' briefing after 6 a.m. are minimized, thus avoiding delays in providing the joint binder to the Court.

admitted at the time of use.  To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and specifically provided testimony [and which were disclosed to the other side prior to such testimony pursuant to stipulation no. (18)].

(13)   The parties will identify witnesses to be called live or by deposition, and the order of call, by 6:30 p.m. CT two calendar days prior to the date that the party intends to call such witness.  The receiving party shall provide objections to any witness by 8:00 p.m. CT that same day (for clarity, disclosure of and objections to deposition designations are subject to the procedure in the following paragraph).  The parties shall promptly meet and confer at 8:45 p.m. CT to attempt to resolve objections, with any objections that cannot be resolved to be raised with the Court on the day before the witness is to be called.

(14)   For each witness that a party intends to call by deposition, the party shall, by [12:30 p.m.] [6:00 p.m.] CT three calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played and the order in which each designation will be played.  The receiving party shall, by [8:00 p.m.] [11:00 p.m.] CT the same day, identify any additional, previously-designated testimony to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness.  The designating party shall, by [12:00 p.m.] [2:00 p.m.] CT the following day, identify any objections to the designations of the receiving party and any counter-counter designations thereto.  The parties shall promptly meet and confer at 8:45 p.m. CT two calendar days prior to the date the party intends to call such witness to attempt to resolve any previously-stated but unresolved objections.  Any objections that cannot be resolved must be raised with the Court [two days] [one day] before the deposition testimony is to be presented.  The designating party shall provide the final version of

18

the video deposition file that will be played in court to the other party before it is played.

(15)    No objections, preambles, or exchanges between counsel will be played or read.  If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the chronological order in which designations occurred during the deposition.  Each party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial. Deposition counter-designations will be counted against the counter-designator's time.  The time allotted by the Court for each side's presentation (if so specified) shall be reduced by the length of its respective designations and counter-designations.

(16)    Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.  However, nothing in this paragraph is intended to expand the scope of proper impeachment of a witness.

(17)    The parties agree that any exhibit listed on the Joint Exhibit List or either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.  The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.  The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence.  A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial [except that a comment may be made if the exhibit was used in opening and then not admitted].

(18)    The parties will exchange lists of exhibits they intend to use during direct examination by 6:30 p.m. CT the day before their intended use.  The receiving party shall provide

objections to such exhibits by 8:00 p.m. CT that same day, and shall meet and confer on any objections promptly at 8:45 p.m. CT.  [To the extent that disputes remain, lead counsel shall meet and confer at 11:00 p.m. CT.][8]

(19)     If a party provides a binder of exhibits to a witness prior to examination, the party will provide one copy to the other party.

(20)     The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side in accordance with the schedule set forth above.  For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format.  A party's demonstrative will not be used, in whole or in part, by the other party prior to being used by the disclosing party.

(21)     The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day.

(22)     The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies.  For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness.

(23)     Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the

---

[8] G+: Same objection regarding lead counsel above.  *Samsung:* Same objection and response regarding lead counsel above.

asserted patents), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by G+ before jury selection.

(24)     The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

(25)     Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615.  This stipulation does not apply to a party's corporate trial representative.

(26)     Samsung expects that one or more witnesses will testify live in a language other than English.  The parties continue to work on an agreement as to the trial interpreter.  The interpreter shall be a certified interpreter jointly agreed to by the parties who has not been involved in trial witness preparation for either side.  To the extent the parties do not agree, the interpreter should not have been hired previously by either party or their law firms for this case.

## F.     CONTESTED ISSUES OF FACT AND LAW

### 1.     G+'s Statement of Contested Issues of Fact and Law

1.     Whether Samsung has infringed claims 1-3 of the '776 Patent.

2.     Whether Samsung has infringed claims 1-5, 7-9, 14, and 20 of the '130 Patent.

3.     Whether Samsung has infringed claims 1-2, 6, 8-11, 15, and 17-18 of the '443 Patent.

4.     Whether Samsung has infringed claims 1, 3-10, and 12-14 of the '881 Patent.

5.     Whether Samsung has willfully infringed any of the G+ Patents-in-Suit.

6.     Whether the asserted claims of the G+ Patents-in-Suit are invalid.

7.     Whether G+ is entitled to the damages it seeks, including for infringement, prejudgment interest, post-judgment interest, supplemental damages, and costs.

8.     Whether Samsung has breached its duty of good faith.

9.      Whether G+ has discharged its duties under FRAND.

10.     Whether G+ has satisfied its obligations under FRAND by negotiating in good faith and by making offers on FRAND terms.

11.     Whether G+ has any remaining obligations to Samsung related to FRAND.

12.     Whether Samsung ███████████████████████████████████████████

███████████

13.     Whether Samsung ███████████████████████████████████████████

█████████████████████████████████

14.     Whether Samsung has breached its obligation to negotiate in good faith with G+.

15.     Whether Samsung has been unjustly enriched.

16.     Whether G+ is entitled to declaratory judgment that Samsung has breached its obligation to negotiate in good faith with G+.

17.     Whether Samsung has breached its contractual obligation to adequately reward G+ for the Asserted Patents pursuant to the ETSI IPR Policy.

18.     Whether G+ is entitled to declaratory judgment that G+ has not breached its FRAND commitment.

19.     Whether G+ is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

20.     Whether G+ is entitled to equitable relief.

21.     Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether G+ is entitled to attorneys' fees or costs.

### 2.      Samsung's Statement of Contested Issues of Fact and Law

1.      Whether G+ has waived its right to assert infringement under 35 U.S.C. § 271(f)(2) by not asserting this claim in its complaint and not sufficiently alleging this claim in its

infringement contentions and expert reports.

2.      Whether G+ has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '776 patent by making, using, selling, offering to sell and/or importing into the United States certain Samsung mobile devices.

3.      Whether G+ has proven by a preponderance of the evidence that Samsung indirectly infringes the asserted claims of the '776 patent under 35 U.S.C. § 271(b) and U.S.C. § 271(c).

4.      Whether G+'s infringement allegations for all the asserted claims of the '776 patent are limited by prosecution history estoppel.

5.      Whether G+ has proven by a preponderance of the evidence that any infringement by Samsung of the '776 patent was willful.

6.      Whether G+ has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '130 patent by making, using, selling, offering to sell and/or importing into the United States certain Samsung mobile devices.

7.      Whether G+ has proven by a preponderance of the evidence that Samsung indirectly infringes the asserted claims of the '130 patent under 35 U.S.C. § 271(b) and U.S.C. § 271(c).

8.      Whether G+'s infringement allegations for all the asserted claims of the '130 patent are limited by prosecution history estoppel.

9.      Whether G+ has proven by a preponderance of the evidence that any infringement by Samsung of the '130 patent was willful.

10.     Whether G+ has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '443 patent by making, using, selling, offering to sell

and/or importing into the United States certain Samsung mobile devices.

11.    Whether G+ has proven by a preponderance of the evidence that Samsung indirectly infringes the asserted claims of the '443 patent under 35 U.S.C. § 271(b) and U.S.C. § 271(c).

12.    Whether G+'s infringement allegations for all the asserted claims of the '443 patent are limited by prosecution history estoppel.

13.    Whether G+ has proven by a preponderance of the evidence that any infringement by Samsung of the '443 patent was willful.

14.    Whether G+ has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '881 patent by making, using, selling, offering to sell and/or importing into the United States certain Samsung mobile devices.

15.    Whether G+ has proven by a preponderance of the evidence that Samsung indirectly infringes the asserted claims of the '881 patent under 35 U.S.C. § 271(b) and U.S.C. § 271(c).

16.    Whether G+'s infringement allegations for all the asserted claims of the '881 patent are limited by prosecution history estoppel.

17.    Whether G+ has proven by a preponderance of the evidence that any infringement by Samsung of the '881 patent was willful.

18.    Whether G+ has proven by a preponderance of the evidence that the asserted claims of the '776 patent are entitled to the alleged priority date.

19.    Whether G+ has proven by a preponderance of the evidence that the asserted claims of the '130 patent are entitled to the alleged priority date.

20.    Whether G+ has proven by a preponderance of the evidence that the asserted claims

of the '443 patent are entitled to the alleged priority date.

21.     Whether G+ has proven by a preponderance of the evidence that the asserted claims of the '881 patent are entitled to the alleged priority date.

22.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '776 patent are invalid as anticipated under 35 U.S.C. § 101.

23.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '443 patent are invalid as anticipated under 35 U.S.C. § 101.

24.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '881 patent are invalid as anticipated under 35 U.S.C. § 101.

25.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '776 patent are invalid as anticipated under 35 U.S.C. § 102.

26.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '443 patent are invalid as anticipated under 35 U.S.C. § 102.

27.     Whether Samsung has proven by clear and convincing evidence that asserted claims 1, 6, 8, and 9 of the '881 patent are invalid as anticipated under 35 U.S.C. § 102.

28.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '776 patent are invalid as obvious under 35 U.S.C. § 103.

29.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '130 patent are invalid as obvious under 35 U.S.C. § 103.

30.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '881 patent are invalid as obvious under 35 U.S.C. § 103.

31.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '443 patent are invalid as obvious under 35 U.S.C. § 103.

32.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '130 patent are invalid based on lack of written description under 35 U.S.C. § 112.

33.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '881 patent are invalid based on lack of written description under 35 U.S.C. § 112.

34.     Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '776, '130, '443, and '881 patents are unenforceable due to unclean hands and related misconduct because G+ violated its FRAND obligations, failed to make FRAND offers, and failed to negotiate in good faith.

35.     Whether Samsung has proven that the asserted claims of the '776, '130, '443, and '881 patents are unenforceable against accused products using Qualcomm processors due to license and exhaustion.

36.     Whether G+ is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '776 patent, and if proven, the total amount of such royalty.

37.     Whether G+ is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '130 patent, and if proven, the total amount of such royalty.

38.     Whether G+ is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '443 patent, and if proven, the total amount of such royalty.

39.     Whether G+ is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '881 patent, and if proven, the total amount of such royalty.

40.     Whether G+ has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '776 patent, and, if so, in what amount.

41.     Whether G+ has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '130 patent, and, if so, in what amount.

42.     Whether G+ has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '443 patent, and, if so, in what amount.

43.     Whether G+ has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 in the event that Samsung is found to have willfully infringed the asserted claims of the '881 patent, and, if so, in what amount.

44.     If infringement of any of the Patents-in-Suit is found, whether G+ is entitled to pre- or post-judgment interest, and if so, the total amount of such interest.

45.     Whether G+ has failed to act in good faith and has breached its FRAND commitment, ██████████████████████ as well as breach of its obligations to offer a FRAND license and to negotiate in good faith for a FRAND license.

46.     Whether G+ has breached its obligation to negotiate in good faith and to deal fairly with Samsung.

47.     Whether G+'s ███████████████████████████████████

48.     Whether G+'s pursuit of this lawsuit before substantive negotiations began violated G+'s FRAND commitment.

49.     Whether G+'s ███████████████████████████████████

██████████████████████████

50.   ████████████████████████████████████████████████████

51.     Whether G+ is entitled to its costs, expenses and attorneys' fees pursuant to 35 U.S.C. § 285.

52.     Whether Samsung is entitled to its costs, expenses and attorneys' fees pursuant to 35 U.S.C. § 285.

53.     Whether Samsung is entitled to damages for G+'s breach of its contract with ETSI by G+ not offering licenses for patents declared essential on FRAND terms and conditions and by G+ not negotiating in good faith.

54.     Whether G+ substantially complied with the marking requirement under U.S.C. § 287.

55.     Whether G+ did not provide actual notice of infringement of the '881 and '776 patents prior to the filing of its Complaint.

## G.   LIST OF WITNESSES

### 1.   For G+:

G+'s witness list is attached hereto as Exhibit A.  Samsung's objections to G+'s witness list are attached hereto as Exhibit B.  G+'s deposition designations, Samsung's objections and counter-designations, G+'s objections and G+'s counter-counter designations are attached hereto as Exhibit C.

### 2.   For Samsung:

Samsung's witness list is attached hereto as Exhibit D.  G+'s objections to Samsung's witness list are attached as Exhibit E.  Samsung's deposition designations, G+'s objections and counter-designations, and Samsung's objections to G+'s counter-designations are attached hereto as Exhibit F.

## H.    LIST OF EXHIBITS

The parties joint exhibit list of 75 exhibits is attached as Ex. G.  G+'s exhibit list of 30 exhibits, along with Samsung's objections, is attached as Exhibit H.  Samsung's exhibit list of 30 exhibits, along with G+'s objections, is attached as Exhibit I.  The parties continue to meet and confer to resolve objections to exhibits.[9]

## I.    JURY INSTRUCTIONS AND VERDICT FORM

### 1.    Jury Instructions

Attached as Exhibit J are the proposed jury instructions.

## J.    Verdict Form

Attached as Exhibit K is the proposed verdict form.

## K.    LIST OF ANY PENDING MOTIONS

| Date | Dkt. | Motion |
|------|------|--------|
| 8/7/2023 | 189 | G+'s Motion to Strike Portions of the Rebuttal Expert Report of Paul Min |
| 8/7/2023 | 190 | G+'s Motion to Strike Portions of the Rebuttal Expert Report of Stephen Wicker |
| 8/7/2023 | 191 | G+'s Motion to Strike Rebuttal Report of Paul Meyer |
| 8/7/2023 | 192 | G+'s Motion for Summary Judgment on Samsung's Affirmative Defenses |
| 8/7/2023 | 193 | G+'s Motion to Strike the Opening and Rebuttal Reports of Professor Nicolas Molfessis |

---

[9] G+: *see* G+'s motion regarding Samsung's conduct surrounding the joint exhibit list.  Samsung has refused to allow G+ to add exhibits to the joint list even though Samsung has no objection to those exhibits.  G+ should be permitted to add those exhibits to the joint list and substitute additional exhibits on its list.

Samsung:  Samsung maintains that 53 party exhibits are more appropriate for this case.  The parties have agreed on only 28 joint exhibits.  As the parties are allotted 75 total joint exhibits, that leaves 47 exhibits unused that would otherwise be on the joint list.  There are four asserted patents.  Infringement, validity, and willfulness is disputed for all four.  And the patents were all declared as standard essential, which has to be explained to the jury.  There are FRAND and breach of contract issues on both sides.  Additional party exhibits are necessary.  Accordingly, Samsung proposes that the parties split the 47 unused joint exhibits amongst themselves, such that each gets an additional 23 exhibits; or 53 total party exhibits.

| Date | Dkt. | Motion |
|------|------|--------|
| 8/7/2023 | 195 | Samsung's Motion to Exclude Under Daubert and Strike Expert Testimony of John Kowalski, and Reliance on Such Testimony By Other Gcomm Experts |
| 8/7/2023 | 196 | Samsung's Motion to Exclude Under Daubert and Strike Expert Testimony of Dr. Rebbecca Reed-Arthurs |
| 8/7/2023 | 198 | G+'s Motion to Strike Opening Report of Paul Meyer |
| 8/7/2023 | 199 | G+'s Motion to Exclude Certain Expert Opinions of Dr. Paul Min's Invalidity Report Concerning U.S. Patent 8,761,776 and U.S. Patent 10,736,130 |
| 8/7/2023 | 200 | G+'s Motion to Exclude Certain Expert Opinions in Dr. Stephen Wicker's Invalidity Report Concerning U.S. Patent 9,184,881 and U.S. Patent 10,594,443 |
| 8/7/2023 | 201 | Samsung's Motion to Exclude Under Daubert and Strike Expert Testimony of Jean-Sébastien Borghetti |
| 8/7/2023 | 202 | G+'s Motion to Exclude Certain Expert Opinions of Dr. Itamar Simonson |
| 8/7/2023 | 203 | G+'s Partial Motion for Summary Judgment of Samsung's System Prior Art Invalidity Defense |
| 8/7/2023 | 204 | G+'s Motion to Strike the Opening and Rebuttal Reports of Mr. Friedhelm Rodermund |
| 8/7/2023 | 205 | Samsung's Motion for Summary Judgment of Invalidity of the '776, '443, and '881 Patents Under 35 U.S.C § 101 |
| 8/7/2023 | 206 | Samsung's Motion to Exclude Under Daubert and Strike Certain Expert Testimony of Mr. Stephen E. Dell |
| 8/7/2023 | 207 | Samsung's Motion for Summary Judgment of Noninfringement Under the Doctrine of Equivalents |
| 8/7/2023 | 208 | Samsung's Motion to Exclude Under Daubert and Strike Certain Expert Testimony of Dr. Robert Akl |
| 8/17/2023 | 228 | G+'s Corrected Motion for Summary Judgment on Samsung's Breach of FRAND Counter Claim (Count I) |
| 8/17/2023 | 229 | G+'s Corrected Motion for Summary Judgment of Patent Eligibility |
| 8/24/2023 | 256 | G+'s Motion to (1) Compel Samsung Witness ▮▮▮▮▮ to Provide Responsive Answers in Deposition and (2) Order that RFA No. 22 is Admitted |
| 9/20/2023 | 323 | G+'s Motions in Limine Nos. 1-5 |
| 9/21/2023 | 325 | Samsung Omnibus Motion in Limine |
| 9/25/2023 | 329 | Samsung's Opposed Motion for Leave to Supplement Rebuttal Expert Report of Dr. Stephen Wicker |
| 9/25/2023 | 330 | Samsung's Opposed Motion for Leave to Serve a Supplemental Rebuttal Expert Report of Dr. Paul Min |

| Date | Dkt. | Motion |
|------|------|--------|
| 9/26/2023 | 332 | G+'s Sealed Motion to Strike Portions of the Deposition Testimony of Paul Meyer |
| 9/26/2023 | 333 | G+s Motion for Leave to File Excess Pages |
| | | G+s Motion To Strike Samsung's Arctic Cat Letter[10] |

**L.    PROBABLE LENGTH OF TRIAL**

The parties propose the jury trial be limited to 24 hours (exclusive of voir dire, opening and closing), with [12] [20][11] hours for each side.  The parties propose 30 minutes for voir dire, 30 minutes for opening statements, and 40 minutes each for closing statements, for each side [with G+ being allowed to reserve no more than 10 minutes for rebuttal closing].

**M.    SAMSUNG'S PRIOR ART**

Pursuant to the Docket Control Order (Dkt. No. 34), Samsung attaches its prior art references or combinations of references as Exhibit L.[12]

**N.    ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE**

The Parties request that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

---

[10] G+: G+ will be filing this motion as soon as possible.

[11] G+: G+ maintains all objections to Samsung's alleged prior art references and combinations. G+ objects any grounds not properly disclosed by Samsung or subject to G+'s pretrial motions.

[12] G+: The Court routinely assigns 12 hours per side in cases involving comparable issues, and there is no reason to deviate from this practice here.  The four patents all relate to aspects of 5G communications and the ETSI communication standard.  To the extent summary judgment is not granted, the facts underlying the breach of contract claims from each party direct overlap with other issues from this case.

*Samsung:* 20 hours per side is more appropriate for this case.  There are four asserted patents.  Infringement, validity, and willfulness is disputed for all four.  And the patents are have been declared standard essential, which has to be explained to the jury.  There are FRAND and breach of contract issues on both sides.  A longer trial is necessary.

[Samsung requests that the Court address the number of claims that G+ will be permitted to present at trial.]

## O.      CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2.      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3.      Each exhibit in the List of Exhibits herein:

   a)      is in existence;

   b)      is numbered; and

   c)      has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff:  */s/* Jason Sheasby


Attorneys for Defendant : */s/* Michael J. McKeon


This Joint Pre-Trial Order is hereby approved this ___ day of _____, 2023.


                                        _____
                                        United States District Judge