IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| G+ COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00078-JRG |
| | § | |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| | § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff G+ Communications, LLC's ("G+" or "Plaintiff") Motion to Enforce Issue and Claim Preclusion that G+ Damages Request Does Not Violate Frand and to Preclude Introduction of Settlement Offers (the "Motion"). (Dkt. No. 612). In the Motion, G+ requests that at the damages re-trial set to begin on April 15, 2024, the Court should prohibit Samsung from:

(1) "Arguing that G+'s damages request violates FRAND;"

(2) "Introducing the terms of G+'s settlement offers;" and

(3) "Alleging that a FRAND obligation attaches to the patents unless Samsung concede the patents are essential."

(*Id.* at 1). Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") oppose the relief requested by G+. The Court takes each of G+'s requests in turn.

**I. WHETHER SAMSUNG SHOULD BE PRECLUDED FROM ARGUING THAT G+'S DAMAGES DEMAND AT TRIAL VIOLATES FRAND.**

G+ argues that Samsung should be precluded from arguing that G+'s damages request violates FRAND because "[t]he jury returned a special interrogatory finding that G+ did not violate FRAND." (Dkt. No. 612 at 2 (citing the jury's answer of "No" to Question No. 5 of the Verdict Form)). Question No. 5 read as follows:

> **QUESTION NO. 5:**
> Did Samsung prove by a preponderance of the evidence that G+ breached its FRAND obligation by failing to offer a license to the Asserted Patents to Samsung that was fair, reasonable, and non-discriminatory, and by failing to act in good faith regarding negotiations with Samsung as to a FRAND license covering the Asserted Patents?

(Dkt. No. 584 at 9). G+ argues that "[i]f G+'s damages request violated its FRAND obligation, the jury would have been required to answer the question in the affirmative." (Dkt. No. 612 at 2).

In response, Samsung first argues that issue and claim preclusion do not apply in this instance because no final judgment has been entered, the damages verdict has been set aside, and the FRAND concepts that G+ seeks to preclude are at the center of the damages analysis and the damages issues being re-tried. (Dkt. No. 619 at 2). Samsung next argues that the jury's response to Question No. 5 pertained only to determining whether G+ breached a contractual obligation with ETSI by exhibiting bad faith in its offers and negotiations over a license to the Asserted Patents on FRAND terms. (*Id.* at 3). Samsung contends that G+ is improperly conflating the issue of G+'s alleged contractual breach of FRAND relating to prior licensing offers and negotiations (not at issue in the re-trial) with the issue of whether G+'s damages request in this litigation is non-FRAND. (*Id.*). Finally, Samsung argues that because a FRAND obligation attaches to the Asserted Patents, "Samsung is entitled the opportunity to contrast [G+'s] damages ask at trial with FRAND rates in comparable licenses so that the jury can assess whether [G+'s] damages ask is consistent with its obligation to license on FRAND terms." (*Id.* at 4).

The Court agrees with Samsung. The Court will not speculate that the jury's answer to Question No. 5—related to Samsung's cause of action for breach of contract—is also a silent determination that G+'s full damages request in this litigation is FRAND. Whether or not G+'s damages request in the re-trial is consistent with a FRAND royalty is a live issue—one that the Court expects the parties to vigorously litigate. Accordingly, the Court **DENIES** G+'s request to preclude Samsung from arguing that G+'s damages request at the re-trial is inconsistent with a FRAND royalty.

II. **WHETHER SAMSUNG SHOULD BE PRECLUDED FROM INTRODUCING SETTLEMENT OFFERS.**

G+ argues that Samsung should be precluded offering settlement offers (the "Licensing Offers") that were allowed in the original trial solely "for the purpose of determining whether G+ breached its commitment to negotiate a license of FRAND terms," and that were not to be considered to "determine the amount of damages to be awarded if [the jury found] that the patents have been infringed and are valid." (Dkt. No. 612 at 4 (quoting Trial Tr. at 342:14-343:1)). G+ contends that because "[b]reach of FRAND is no longer at issue in this case," and because "the Licensing Offers cannot be considered for purposes of determining damages, the offers should not be admissible at the upcoming damages trial." (*Id.*).

Samsung first argues that it "seeks to admit [G+'s] prior offers not to fix the dollar amount of the damages award, but rather to establish the practice in the industry in FRAND license negotiations." (Dkt. No. 619 at 12). Specifically, Samsung contends that "the parties dispute whether the two remaining patents carry particular value apart from the broader portfolio held by [G+]," and that these "licensing letters provided to Samsung universally treat all patents equally and the asserted patents were never highlighted or even mentioned." (*Id.*). Samsung further argues that "the methodology used to calculate the patents' value in the offer letters is compelling evidence

3

of industry practice," and that this is particularly relevant here where "the key question the jury must answer hinges on which methodology would have been employed in the hypothetical negotiation." (*Id.*). Additionally, Samsung contends that "Samsung's offers to [G+] demonstrate that, in the real-world, Samsung seeks a lump sum structure in licensing patents and relies on a market comparables approach for valuation." (*Id.*). Samsung states that it "is agreeable to preparing redacted versions of said agreements for admission that remove the numerical amount of the offers while preserving discussion of what methodology was employed in arriving at the offer." (*Id.* at 13 n.7).

The Court agrees with Samsung and is persuaded that the Licensing Offers—once redacted to remove any numerical amount of the offers—serve a probative purpose at this re-trial and they are not barred by Federal Rule of Evidence 408. Specifically, these Licensing Offers may be presented in redacted form to show the practice in the industry in FRAND license negotiations, including the specific practices of the parties. The redaction of the numerical amount of the offers will sufficiently safeguard from these Licensing Offers being used to either "prove or disprove the validity or amount of a disputed claim" in violation of Rule 408. Fed. R. Civ. P. 408. Accordingly, the Court **DENIES** G+'s request to preclude Samsung from introducing the Licensing Offers at the re-trial on damages, but **ORDERS** the numerical redactions noted above.

III.   **WHETHER G+'S ASSERTED PATENTS ARE FRAND ENCUMBERED.**

G+ supports its position that Samsung should be precluded from arguing that a FRAND obligation attaches to the patents in this case in two parts: *first*, G+ argues that ETSI FRAND obligations only apply to essential patents; *second,* G+ argues that the jury's verdict must be understood in the light most favorable to G+, meaning that the jury found the patents infringed but not essential. (Dkt. No. 612 at 4-9). As to the second point, G+ explains that it presented both a

standards-based infringement read (relying upon the essentiality of the patents) and a technical infringement read (based specifically on the Accused Products). (*Id.* at 7). According to G+, "interpreting the verdict in the light most favorable to G+ requires a finding that the jury held for infringement of the asserted '776 and '130 Patents but found that these patents are not essential to the 5G standard and therefore are not FRAND encumbered." (*Id.* at 8). As such, contends G+, Samsung should not be allowed to argue that damages in this case should be limited by any FRAND obligation unless it concedes that the patents are essential. (*Id.*). G+ further contends that "[i]f Samsung is permitted to change course and argue the patents are essential, then G+ should be permitted to present damages for all Samsung 5G standard products, which will dramatically increase the damages base." *See* (Dkt. No. 612 at 8-9).

Samsung first argues that it is the settled law of this case that a FRAND obligation irrevocably attached to the Asserted Patents, and that this is reflected both in the Court's prior orders as well as this Court's instructions to the jury. *See* (Dkt. No. 575 (Jan. 22, 2024 Order on Rule 41.1 Motion) at 11 ("Where a patent is contributed to an adopted standard established by a standard setting organization, such contribution contractually burdens the patent to thereafter be licensed on fair, reasonable, and non-discriminatory terms. This is known as the FRAND obligation. This obligation is irrevocable, and thereafter runs with the patent.")); (Trial Tr. (Day 6) at 82:23-83:1 ("You should determine a FRAND royalty in the case, ***whether or not you find the Patents-in-Suit are standard essential…***")). Samsung argues that G+ has "stated no basis for this Court to disturb its prior decisions" and compares G+'s request to a belated motion for reconsideration. (Dkt. No. 619 at 5).

Samsung next argues that G+'s position boils down to "the strained argument that somehow the jury ignored the repeated, consistent, and affirmative statements from [G+'s] counsel and

5

witnesses that the asserted patents are standards essential," and that the jury instead "***might*** have found the patents infringed but disagreed with [G+] that the patents were essential." (Dkt. No. 619 at 8). Samsung contends that "[G+'s] counsel and witnesses overwhelmingly sponsored and advocated to this Court and the jury throughout trial that the asserted patents are standard-essential and that [G+] is bound by FRAND obligations, and it is far too late for [G+] to reverse course." (*Id.* at 9). In support of this assertion, Samsung cites the following portions from trial:

> **Mr. Sheasby, GComm's Lead Counsel**:
>
> And these patents, because they are essential, have a special protection associated with them. It's not just any type of reasonable royalty that we're entitled to. We're entitled to FRAND reasonable royalty--fair, reasonable, and non-discriminatory.
> Trial Tr. at 184:22-185:1.
>
> The only individuals in this room who dispute that these patents are essential are the lawyers sitting at this table [gesturing to counsel for Samsung]. Mr. Jeon, who is the corporate representative, agreed with Dr. Kowalski that these patents are essential, and if they are essential, they are infringed.
> Trial Tr. (Day 6) at 98:17-22.
>
> **Mr. Pitcock, GComm's Managing Director:**
> Q. So what is Samsung obligated to pay G+ if it uses G+'s essential patents?
> A. An adequate and fair reward, commonly abbreviated FRAND.
> Trial Tr. at 237:1-3.
>
> Q. So you can -- you can be a company and you can declare something essential, but that doesn't mean it's essential. Correct, sir?
> A. That's correct.
>
> Q. Okay. But a patent owner who does declare that their patent's essential to ETSI is subject to ETSI policies. Correct?
> A. Yes.
>
> Q. Okay. And ETSI policies require that a patent owner negotiate in good faith. Correct? A. Yes.
>
> Q. Okay. And we call that FRAND. Correct?
> A. Yes.
> *Id.* at 328:11-23.

6

**Dr. Kowalski, GComm Technical Expert Witness:**
Q. What did you investigate for this case?
A. I investigated whether the patents-in-suit are essential to the 5G standard, and I assessed the benefits of these patents.

Q. And what did you conclude?
A. I concluded that the patents in this suit are essential to the 5G standard . . . .
*Id.* at 607:6-13.

Q. And as a result of analyzing all of the elements, what did you conclude regarding the claim chart that G+ prepared for the '776 Patent as to 38.304?
A. I concluded that the '776 Patent reads on 38.304 and, hence, is essential to the 5G standard.
*Id.* at 616:13-17.

Q. What did you conclude regarding essentiality of the ['130 patent] with respect to this 38.211?
A. Yes. With respect to 38.211, this patent is standard essential and mandatory to implement. Anybody that develops a 3GPP device has to be able to either send this or understand its reception.
*Id.* at 633:10-15.

**Mr. Dell, GComm Damages Expert Witness:**
Q. And what is FRAND and how is it relevant here?
A. Well, as we heard Doctor Kowalski testify, the patents at issue in this case have been determined to be essential to the 5G standard. And as a result, when patents are declared essential or are essential, parties must enter into an agreement under FRAND terms, which means fair, reasonable, and non-discriminatory. So Samsung would have to pay a FRAND rate as part of this license negotiation.
*Id.* at 760:24-761:6 (discussing Georgia-Pacific factors for damages).

Q. And the jury's heard many times already in this courtroom that the patents at issue in this case are subject to FRAND. Isn't that right?
A. Yes.

Q. And FRAND means fair, reasonable, and non-discriminatory. Correct?
A. Yes, that is the definition.

Q. So what we also know about the damages award in this case, it cannot be unfair, it can't be unreasonable, and it can't be discriminatory. Isn't that right?
A. It should be based on FRAND negotiations is how I calculate damages, yes.
*Id.* at 789:5-16.

(Dkt. No. 619 at 9-11). Accordingly, Samsung argues that it is "incredulous[]" for G+ to argue that interpreting the verdict "in a light most favorable" for G+ "requires this Court to assume the jury

7

rejected the unqualified and consistent confirmations by [G+'s] counsel, manager, and experts that the asserted patents are encumbered by a FRAND obligation." (*Id.* at 11).

The Court agrees with Samsung. G+'s argument that the jury's finding of infringement must also be interpreted as a finding of non-essentiality strains credulity. As an initial matter, G+'s contention that "this Court must construe the outcome [of the trial] in the way most favorable to the Plaintiff," is not supported by its cited cases. (Dkt. No. 612 at 8 (citing *Bagby Elevator* and *i4i Ltd.*)).[1] *Bagby Elevator* and *i4i Ltd.* dealt with the standard for overturning a jury's verdict for insufficient evidence, not for the proposition that, when the jury is presented with multiple options to support a factual finding, it must be assumed that the jury relied upon the "most favorable" option for the prevailing party in reaching its decision—this would be a notably ambiguous requirement, the result of which could vary depending on the context. Indeed, as G+ argues in this Motion, if the patents are deemed essential then this should "dramatically increase the damages base." (Dkt. No. 612 at 8-9). Would such an essentiality finding not be the "most favorable" interpretation to G+ under these or perhaps different circumstances? The answer to this question is unclear, and the Court is not persuaded by G+'s arguments.

Furthermore, G+ fully embraced the essentiality of the Asserted Patents at trial, including the FRAND encumbrance associated with these patents. *See, e.g.*, (Trial Tr. at 184:22-185:1 (**Jason Sheasby, Lead Counsel for G+:** "And these patents, because they are essential, have a special protection associated with them. It's not just any type of reasonable royalty that we're entitled to. We're entitled to FRAND reasonable royalty--fair, reasonable, and non-discriminatory.")); (Trial

---

[1] *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010) (holding that courts should view "the evidence in the light most favorable to the verdict" and in doing so "accord 'great deference to the jury's verdict.'"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010) (in assessing a verdict supported by multiple factual theories, "we assume the jury considered all the evidence and relied upon a factual theory for which the burden of proof was satisfied").

Tr. (Day 6) at 98:17-22 (**Jason Sheasby, Lead Counsel for G+:** "The only individuals in this room who dispute that these patents are essential are the lawyers sitting at [Samsung's] table. Mr. Jeon, who is the corporate representative [for Samsung], agreed with Dr. Kowalski that these patents are essential, and if they are essential, they are infringed.")). How a finding of non-essentiality would be the result "most favorable" to G+ is unclear given that G+ never even made that argument to the jury during trial.

Moreover, the only damages models discussed at the trial related to FRAND-based damages. Indeed, even now, G+ says that it "does not oppose the jury being instructed using the modified *Georgia-Pacific* factors [for the standard-essential patent context] set out in *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014)." (Dkt. No. 612 at 3). At trial, the Court specifically instructed the jury that damages were limited to a FRAND royalty in this case "**whether or not** [the jury found that] **the Patents-in-Suit are standard essential**." *See* (Trial Tr. (Day 6) at 82:23-83:1). To allow G+ to reverse course and, for the very first time, now argue that it is entitled to seek non-FRAND damages would be wholly inappropriate and improper.

G+'s additional request that it be allowed to expand the damages base to "present damages for all Samsung 5G standard products," which would "dramatically increase the damages base," is similarly inappropriate. *See* (Dkt. No. 612 at 8-9) ("If Samsung is permitted to change course and argue the patents are essential, then G+ should be permitted to present damages for all Samsung 5G standard products, which will dramatically increase the damages base."). G+ dropped certain accused products on the eve of trial of its own volition. This Court has since held that those dropped products have been dismissed from this case without prejudice. *See* (Dkt. No. 617). This Court ordered a re-trial on damages so that an appropriate verdict based on the facts of this case can be reached, not to provide G+ with an opportunity to revise its damages case to remove

9

limitations or expand the damages base. Accordingly, the Court **DENIES** G+'s request to preclude Samsung from arguing that a FRAND obligation attaches to the damages in this case or from otherwise expanding the damages base to be presented to the jury at the re-trial.

### IV.    CONCLUSION

For the reasons stated herein, the Court **DENIES** the relief requested in the Motion.

**So ORDERED and SIGNED this 12th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE