# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| G+ COMMUNICATIONS, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00078-JRG |
| § | |
| SAMSUNG ELECTRONICS CO. LTD., and § | |
| SAMSUNG ELECTRONICS AMERICA, § | |
| INC., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s (collectively, "Defendants" or "Samsung") Motion Regarding Preliminary Jury Instructions in New Damages Trial (the "Motion"). (Dkt. No. 614). In the Motion, Samsung requests that "the preliminary and final jury instructions given in the New Damages Trail should focus solely on the issue in dispute (damages) and not discuss the prior trial or any jury findings (*e.g.*, that the '776 and '130 patents were found to be 'infringed' or 'valid')." (*Id.* at 1).

Samsung argues that such limited focus is necessary—despite this Court's standard practice of informing the jury that it has already been decided that certain products infringe and that the asserted claims are not invalid—as referencing the results of the prior trial "would be highly and unduly prejudicial to Samsung" because the "verdict is still subject to Rule 50 and 59 motions." (*Id.* at 1-2). Samsung instead asks the Court to "use phrasing from the *Georgia-Pacific* hypothetical negotiation framework for preliminary and final jury instructions—*i.e.*, the jury should simply be instructed to assume the patents are infringed and valid." (*Id.* at 3).

Plaintiff G+ Communications, LLC's ("G+" or "Plaintiff") opposes the relief requested by Defendants. (Dkt. No. 620). Specifically, G+ argues that "[t]he jury should hear these established facts because they are the basic factual predicts that require an adjudication of damages," and that "Samsung's proposed instruction contradicts common practice of this Court and the circuit courts in situations like this where liability has already been established prior to a trial on damages." (*Id.* at 1). G+ notes that Samsung "does not cite a single instance of a retrial on damages where a jury was not informed of an earlier finding of liability." (*Id.* at 3).

The Court is not convinced that instructing the jury as to the prior determinations of infringement and no invalidity "would be highly and unduly prejudicial to Samsung." However, the Court acknowledges as correct Samsung's position that those findings are still subject to Rule 50 and Rule 59 motions, and possibly appeal thereafter. Accordingly, the Court will additionally instruct the jury that Samsung disputes these findings of infringement and no invalidity of the Asserted Patents and that Samsung has preserved its right to challenge and appeal these decisions.

As such, the Court **DENIES** Defendants' Motion and intends to provide the jury with the following instruction on this issue:

> It has already been decided in a prior trial before a different jury that certain of Defendants' products infringe one or more claims of the Asserted Patents and that the claims of the Asserted Patents are not invalid. However, you should understand that Defendants disagree with these findings and have preserved their right to challenge and appeal these decisions in the future. You should not let the fact of these prior findings directly influence the award of monetary damages in this trial; however, you are entitled to know that these prior findings of infringement and no invalidity are what give rise to the need to have you determine reasonable royalty damages as the focus of this trial. As a result of these prior findings, this trial is solely about setting a fair and reasonable compensation for that infringement. This trial will only be concerned with that issue.

**So ORDERED and SIGNED this 12th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE