**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| G+ COMMUNICATIONS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Civil Action No. 2:22-CV-78-JRG<br><br>**JURY TRIAL DEMANDED** |

## AMENDED FINAL JUDGMENT

A jury trial commenced in the above-captioned case on January 19, 2024, and on January 24, 2024, the jury reached and returned its unanimous verdict finding that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants") did not infringe claim 10 of U.S. Patent No. 10,564,443 (the "'443 Patent"), that Defendants did infringe claims 1 and/or 2 of U.S. Patent No. 8,761,776 (the "'776 Patent") and claim 20 of U.S. Patent No. 10,736,130 (the "'130 Patent"), that claim 10 of the '443 Patent involved only technologies and activities that, both alone and in combination, were well-understood, routine, and conventional, and that claims 1 and/or 2 of the '776 Patent do not involve only technologies and activities that, both alone and in combination, were well-understood, routine, and conventional. (Dkt. No. 584 at 4-5).[1] The jury also found that Defendants had failed to prove by clear and convincing evidence that any of the asserted claims of the asserted patents were invalid as anticipated, obvious, and/or lacking adequate written description. (*Id.* at 6). Finally, the jury found that neither Plaintiff G+

---

[1] The Court previously determined that claim 10 of the '443 Patent and claims 1 and 2 of the '776 Patent were directed to an abstract idea. (Dkt. No. 548 at 3).

Communications, LLC ("Plaintiff") nor Defendants had breached their respective FRAND obligations. (*Id.* at 9-10). The jury in this original trial awarded damages for Defendants' infringement of the '776 Patent and the '130 Patent, but this Court set aside those amounts due to likely juror confusion and ordered a re-trial on damages for the '776 Patent and the '130 Patent. (Dkt. No. 607).

On April 15, 2024, the Court empaneled a jury for the re-trial on damages related to Defendants' infringement of the '776 Patent and the '130 Patent. *See* (Dkt. No. 629). The jury returned a verdict that Plaintiff was entitled to $61,000,000 for Defendants' infringement of the '776 Patent and $81,000,000 for Defendants' infringement of the '130 Patent. (Dkt. No. 631 at 4). The Court subsequently severed and stayed G+'s claim of infringement related to the '130 Patent. (Dkt. No. 639).

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record with respect to the '443 Patent and the '776 Patent, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendants have not infringed claim 10 of U.S. Patent No. 10,564,443;

2. Defendants have infringed claims 1 and/or 2 of U.S. Patent No. 8,761,776;

3. Claim 10 of U.S. Patent No. 10,564,443 is invalid as claiming patent ineligible subject matter under 35 U.S.C. § 101;

4. Claims 1 and/or 2 of U.S. Patent No. 8,761,776 are not invalid as claiming patent ineligible subject matter under 35 U.S.C. § 101;

5. Claims 1 and/or 2 of U.S. Patent No. 8,761,776 and claim 10 of U.S. Patent No. 10,564,443 are not invalid as anticipated, obvious, and/or lacking adequate written description;

6. Plaintiff did not breach its FRAND obligation;

7. Defendants did not breach their FRAND obligation;

8. Plaintiff is hereby awarded compensatory damages for infringement from and against Defendants, and Plaintiff shall accordingly have and recover from Defendants, jointly and severally, the sum of $61,000,000.00 U.S. Dollars, all of which is a reasonable royalty in the form of a one-time lump sum payment;

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards pre-judgment interest to Plaintiff to be recovered by Plaintiff from Defendants and applicable to all sums awarded herein, calculated at the five-year U.S. Treasury Bill rate, compounded monthly, adjusting the effective rate with each and every change in said five-year U.S. Treasury Bill rate from the date of the infringement began;

10. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and

11. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Plaintiff is the prevailing party in this case and shall recover their costs from Defendants. Plaintiff is directed to file its proposed Bill of Costs.

Any request for relief pursuant to 35 U.S.C. § 285 must be filed as a subsequent motion herein within 28 days of this Judgment. All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

---

[2] *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).

**So ORDERED and SIGNED this 3rd day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE