IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| G+ COMMUNICATIONS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    *Defendants*. | § § § § § § § § § § | CIVIL ACTION NO. 2:22-CV-00078-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff G+ Communications, LLC's ("Plaintiff") Motion for Judgment as a Matter of Law that Claim 10 of U.S. Patent No. 10,594,443 is Not Patent-Ineligible Under 35 U.S.C. § 101 (the "Motion"). (Dkt. No. 665.) In the Motion, Plaintiff "moves this Court pursuant to Rule 50(b) of the Federal Rules of Civil Procedure for Judgment as a Matter of Law that Claim 10 of U.S. Patent No. 10,594,443 (the ''443 Patent') is not directed to patent-ineligible subject matter under 35 U.S.C. § 101." (*Id*. at 1.) Having considered the Motion, the related briefing, and all documents cited in support thereof, the Court finds that the Motion should be **DENIED**.

### I. INTRODUCTION

At trial, Plaintiff asserted that Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants") infringe Claim 10 of the '443 Patent. (Dkt. No. 560 at 1.) The '443 Patent is entitled "Transmitting Method, Receiving Method and Nodes for HARQ [Hybrid Automatic Repeat Request] Information," and Claim 10 recites the following:

10. A node, comprising:

[10.a] at least one processor; and

[10.b] a memory communicably connected with the at least one processor and configured for storing computer-executable instructions executable by the at least one processor;

[10.c] wherein the computer-executable instructions when executed by the at least one processor causes the at least one processor to perform;

[10.d] detecting N transmission blocks received from a second node and generating M bits of HARQ information according to a detection result; the M bits of HARQ information being used to indicate a receiving status of the N transmission blocks; among the M bits, M2 bits bring used to indicate positions of k erroneous transmission blocks in the N transmission blocks, M2≤M; a length type of M2 including a first length type or a second length type; the first length type indicating a value of M2 being predefined, and the second length type indicating a value of M2 being determined based on k; and

[10.e] transmitting the HARQ information to the second node.

JTX-3.

During the pretrial conference, the Court held that Claim 10 is directed to an abstract idea. (Dkt. No. 518 at 138:22–24.) "However, the Court found that there were fact questions under Step 2 of the *Alice* test." (Dkt. No. 548 at 3 (memorializing the Court's holding regarding Samsung's Motion for Summary Judgment of Invalidity of the '776, '443, and '881 Patents Under 35 U.S.C. § 101).)

At the conclusion of the trial held in the above-captioned case, the jury returned a unanimous verdict that Defendants had proven by clear and convincing evidence that Claim 10 involves only technologies and activities that, both alone and in combination, were well-understood, routine, and conventional from the perspective of a person of ordinary skill in the art. (Dkt. No. 585 at 5.) The Court later entered its Final Judgment reflecting the jury's verdict that Claim 10 of the '443 Patent is invalid as claiming patent ineligible subject matter under 35 U.S.C. § 101. (Dkt. No. 660 at 2.)

## II. LEGAL STANDARD

### A. Judgement as a Matter of Law

"A district court should grant a JMOL motion only if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, which occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that jurors could not reasonably have reached a contrary verdict." *Johnston v. Ferrellgas, Inc.*, 96 F.4th 852, 857 (5th Cir. 2024) (internal quotes omitted).

### B. 35 U.S.C. § 101

The Court determines whether patent claims cover ineligible subject matter using a two-step analytical framework set out by the Supreme Court of the United States in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014). At the first step, the Court evaluates whether the claims are directed to ineligible subject matter, such as an abstract idea. *Id*. at 217. At *Alice* step two, if the claims are directed to ineligible subject matter, such as an abstract idea, the Court then determines whether the claims contain an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S. at 217–18 (internal citations and quotes omitted). "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces," *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016), but must be more than mere "well-understood, routine, conventional activit[ies]," *Alice*, 573 U.S. at 225 (internal citations and quotes omitted). "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

## III.  ANALYSIS

In the Motion, Plaintiff argues that the "jury's verdict that Claim 10 of the '443 Patent involves only technologies and activities that were well-understood, routine, and conventional is not supported by substantial evidence." (Dkt. No. 665 at 4.) Specifically, Plaintiff first argues that "Defendants failed to submit evidence to the jury that the ordered combination of claim elements was well-understood, routine, or conventional." (*Id*. at 4–5.) Next, Plaintiff argues that "[t]he jury also lacked substantial evidence to conclude that the individual elements of Claim 10 were well-understood, routine, and conventional." (*Id*. at 5–7.)

The Court disagrees. Defendants' expert, Dr. Stephen Wicker, testified that the "concepts in the '443 Patent are well-understood, routine, and conventional" because they are "dealing with Hybrid ARQ protocols." (Dkt. No. 605 at 1232:14–18.) As Dr. Wicker explained, he had personally worked on such Hybrid ARQ protocols "since the beginning of [his] career." (*Id*. at 1218:23–1219:5.) Dr. Wicker went on to explain how each element of Claim 10 was well-understood, routine, and conventional as of the '443 Patent's priority date. (*Id*. at 1232:19–1237:1.) Further, Dr. Wicker corroborated his testimony with prior art references. (*Id*.; JTX-24; JTX-25.) While Dr. Wicker may not have expressly testified that the claim elements were well-understood, routine, and conventional in "ordered combination," he (1) testified that the '443 Patent's concepts[1] as a whole were "well-understood, routine, and conventional" (Dkt. No. 605 at 1232:14–18), and (2) walked through each element of Claim 10 in order (*Id*. at 1232:19–1237:1). The Court therefore agrees with Defendants that "Dr. Wicker opined that the individual claim elements ***and*** their ordered combination were well-known, routine, and conventional, and then ***verified*** the

---

[1] While Plaintiff contends that Dr. Wicker improperly testified about the "concepts" of the '443 Patent rather than Claim 10 of the '443 Patent (Dkt. No. 679 at 2–3), the Court finds that here, that is a difference without a distinction. Claim 10 was the only asserted claim of the '443 Patent (Dkt. No. 560 at 1), and the portion of Dr. Wicker's testimony addressed by Plaintiff directly preceded his element-by-element discussion of Claim 10.

conventionality of the claim by examining the prior art references." (Dkt. No. 674 at 12.) It is not necessary that an expert, such as Dr. Wicker, use or say the precise words "ordered combination" when the substance and effect of his testimony covers this concept, and shows to the jury that the patent claim, in practice, does not amount to significantly more than the abstract idea/ineligible concept itself. Accordingly, the Court finds that the jury's verdict is supported by a legally sufficient evidentiary basis.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the Motion (Dkt. No. 665) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 13th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE